IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Eric Bernard (#R-25398), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20 C 50412 |
| v. | ) | |
| | ) | Hon. Iain D. Johnston |
| Rob Jeffreys, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

    Plaintiff has submitted a proposed amended complaint [18], as ordered. On initial review pursuant to 28 U.S.C. § 1915A, the Court finds the complaint acceptable. Plaintiff has stated claims under the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* Plaintiff has also stated an official capacity claim for deliberate indifference to a serious medical condition under 42 U.S.C. § 1983 against Defendant Nicklaus. All other Defendants and claims are dismissed. The Court directs the Clerk of Court to (1) file Plaintiff's amended complaint [18]; (2) issue summons for service of the complaint on Defendant Nicklaus by the U.S. Marshal; and (3) send Plaintiff a blank USM-285 (Marshals service) form, a magistrate judge consent form, filing instructions, and a copy of this order. Plaintiff must complete and return a USM-285 form for service on Defendant. Failure to return the USM-285 form by February 26, 2021, may result in dismissal of the unserved Defendant, as well as dismissal of this case in its entirety. Plaintiff also must promptly submit a change-of-address notification if he is transferred to another facility or released. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal for failure to comply with a Court order and for failure to prosecute. The Court appoints the U.S. Marshal to serve Defendant.

**STATEMENT**

    Plaintiff Eric Bernard, a prisoner at Dixon Correctional Center, brings this *pro se* civil rights action under 42 U.S.C. § 1983, the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* Plaintiff alleges that prison officials have refused to accommodate his serious disability, denying him access to services, programs, daily life activities. Before the Court is Plaintiff's proposed amended complaint for initial review.

    Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges that since September 6, 2019, he has been held in the infirmary at Dixon Correctional Center because he suffers from an illness which has rendered him disabled. (Dkt. 18, p. 6.) Plaintiff alleges that Dixon Correctional Center has failed to accommodate him due to his disability and because of the failure to provide accommodation he is unable to participate in many services, programs, and daily life activities, including religious services, in person visits with family and attorneys, telephone access, gym and yard activities, group therapy, dental care and utilizing the law library. (*Id.*) Plaintiff further alleges that there is inadequate medical staff in the infirmary and inadequate, inoperable, or out-of-date equipment in the infirmary that has rendered his medical care inadequate and that have caused him injury. (*Id.* at p. 8.) Plaintiff names 29 Defendants and makes claims under 42 U.S.C. § 1983, the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act, 29 U.S.C. § 701, *et seq*. (*Id.* at p. 9.)

Plaintiff's allegations state a claim under the Americans With Disabilities Act, 42 U.S.C. § 12132, which forbids discrimination in the provision of services, programs, and activities by public entities on the basis of an individual's disability. Plaintiff also states a claim under the Rehabilitation Act, which is coextensive with the ADA and which applies to entities receiving federal funds. 29 U.S.C. § 794(a); *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012). To succeed on such a claim, a plaintiff must establish: (1) that he is a "qualified individual with a disability"; (2) that was denied the "benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity," and (3) "that the denial or discrimination was by reason of his disability." *See Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (citing *Love v. Westville Corr. Ctr.,* 103 F.3d 558, 560 (7th Cir. 1996)). "Refusing to make reasonable accommodations is tantamount to denying access[.]" *Jaros.*, 684 F.3d at 672.

Dixon Correctional Center warden Sonja Nicklaus is a proper defendant to Plaintiff's ADA and Rehabilitation Act claims, as such claims should be brought against a public entity or a supervisor in her official capacity. *See Caldwell v. Snyders*, No. 16 C 50015, 2016 WL 723305, at *2 (N.D. Ill. Feb. 24, 2016) (citing *Jaros*, 684 F.3d at 670 n.2.) Thus, Plaintiff may proceed against Defendant Nicklaus on his claims under the Americans with Disabilities Act and the Rehabilitation Act.

2

Plaintiff has also stated an official capacity claim for deliberate indifference to a serious medical condition against Defendant Nicklaus. In order to state an official capacity claim against the Warden, Plaintiff must allege (1) an express policy, (2) a widespread practice that carries the force of policy, or (3) a decision by a municipal agent with final policymaking authority. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). The plaintiff must also allege a "direct causal connection" between the policy or practice and the injury. *Id.* For the purposes of screening, Plaintiff has adequately alleged policies or customs by which Dixon Correctional Center has inadequate staffing and equipment to provide medical care for Plaintiff and that because of the custom and policy, Plaintiff has suffered injury. Thus, Plaintiff may proceed on an official capacity claim against Warden Nicklaus under § 1983.

With respect to Plaintiff's deliberate indifference claim, the fact that the claim is being allowed to proceed only as an official capacity claim is an important distinction, as a correctional official who is a policymaker may only be held liable in his official capacity for the purposes of securing injunctive relief, *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011), and the Eleventh Amendment bars official capacity claims for monetary damages, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). The proper defendant to a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). In the prison context, the current warden, in his or her official capacity, is the proper party to name as a Defendant for the purpose of implementing any injunctive relief a prisoner is able to obtain. *Miller v. Spiller*, No. 15-CV-1077-MJR, 2015 WL 6179426, at *6 (S.D. Ill. Oct. 21, 2015). Thus, Plaintiff's deliberate indifference to a serious medical condition claim can proceed, only as against Warden Niklaus, the proper Defendant, in her official capacity.

However, Plaintiff has failed to state a plausible individual capacity claim for deliberate indifference against any Defendant. Plaintiff does not adequately plead personal involvement in any constitutional violation. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Accordingly, none of the Defendants can be deemed responsible in his or her individual capacity. *See Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (explaining that § 1983 creates cause of action based on personal liability and predicated on fault, so to be held liable, an individual must have caused or participated in a constitutional violation). Thus, all other Defendants and any other claims intended by Plaintiff are dismissed.

The Court directs the Clerk of Court to issue summonses for service of the complaint on Defendant Nicklaus (hereinafter, "Defendant."). The Court directs the Clerk to mail Plaintiff a blank USM-285 (Marshals service) form. The Court advises Plaintiff that a completed USM-285 form is required for service on Defendant. The Marshal will not attempt to serve Defendant unless and until the required forms are received. Plaintiff must therefore complete and return a service form for Defendant, and failure to do so may result in dismissal of Defendant, as well as dismissal of this case in its entirety.

The Court appoints the U.S. Marshals Service to serve Defendant. The Court directs the

3

Marshal to make all reasonable efforts to serve Defendant. With respect to any former employee of the Illinois Department of Corrections who can no longer be found at the work address provided by Plaintiff, IDOC officials must furnish the Marshal with the Defendant's last-known address. The Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the Marshals Service. Address information will not be maintained in the Court file nor disclosed by the Marshal, except as necessary to serve Defendant. The Court authorizes the Marshal to send requests for waivers of service consistent with Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Plaintiff must include a certificate of service indicating the date on which Plaintiff gave the document to prison authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution.

Date: January 14, 2021    By: _____
                                Iain D. Johnston
                                United States District Judge

4