IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ERIC BERNARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 20-CV-50412 |
| v. | ) |
| | ) Honorable Judge Iain D. Johnston |
| ROB JEFFREYS, et. al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR INVOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**I.     INTRODUCTION**

On May 18, 2022, Plaintiff filed his Amended Complaint ("AC") against Defendants Rob Jeffreys, Andrea Tack, Sonja Nicklaus, John Varga, Ann Granger, Monica Carpenter, Celia Grossman, Laci Barlo, Wexford Health Sources, Inc., and unnamed defendants. Plaintiff's AC alleges three claims: 1) a Title II Americans with Disabilities Act ("ADA") claim against all defendants; 2) a Rehabilitation Act claim against all defendants; and 3) a Title III Americans with Disabilities Act ("ADA") claim against Wexford. Defendant now moves for a dismissal of counts 1 and 2 against her in its entirety.

**II.     STANDARD OF REVIEW**

The Court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), to determine whether the allegations in the complaint are sufficient to state a cause of action upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The well-pleaded allegations in the complaint are taken as true and all reasonable inferences from those allegations are construed in a light most favorable to the non-moving party. *Ray v. City of Chicago*, 629 F. 3d

660, 662 (7th Cir. 2011); *Bielanski v. County of Kane*, 550 F. 3d 632, 633 (7th Cir. 2008). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555. The question presented in a Rule 12(b)(6) motion to dismiss is whether the plaintiff has alleged facts sufficient to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court need not draw inferences that are not apparent on the face of the complaint. *See McCauley v. City of Chicago*, 671 F. 3d 611, 616 (7th Cir. 2011). Claims can be dismissed at the Rule 12(b)(6) stage on Eleventh Amendment immunity grounds. *See Williams v. Seniff*, 342 F.3d 774, 786 n.9 (7th Cir. 2003) (Rule 12(b)(6) alone).

### III.    ARGUMENT

**A. A warden is not the proper party under the ADA or the Rehabilitation Act.**

This Court should dismiss counts 1 and 2 against Defendant, who is not the proper party under the ADA or the Rehabilitation Act. To state a claim under the ADA and/or the Rehabilitation Act, Plaintiff must allege that "(1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability." *Jaros v. Ill. Dep't of Corr.,* 684 F.3d 667, 672 (7th Cir. 2012). However, individual employees of the IDOC are not "amenable to suit under the Rehabilitation Act or the ADA." *Jaros* at 670. "Congress intended only for employers to be liable for their agent's actions under the traditional *respondeat superior* doctrine, not for agents to be personally liable." *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 494 (7th Cir. 1998). A warden, as an individual employee of a prison, is not

liable under the ADA or the Rehabilitation Act; the proper party under the ADA or the Rehabilitation act is IDOC or the Director of IDOC. *See Jaros*, 684 F.3d at 670. Accordingly, this Court should dismiss counts 1 and 2 against Defendant.

Although defendants Andrea Tack, John Varga, Ann Granger, and other defendants have not yet been served with the AC, Defendant notes that the same arguments regarding proper party for an ADA/Rehabilitation Act claim apply to any other IDOC defendant. In the interest of judicial economy, Defendant respectfully requests that this Court, on its own motion and pursuant to 28 U.S. Code § 1915A, dismiss counts 1 and 2 against defendants Andrea Tack, John Varga, Ann Granger and bar Plaintiff from filing any amended claims under the ADA or the Rehabilitation Act against defendants Andrea Tack, John Varga, Ann Granger or any other individual IDOC defendants who are not the Director of IDOC. Plaintiff's requests for relief under the ADA/Rehabilitation act are properly directed to the Director of IDOC, and to the Director alone.

### IV.   CONCLUSION

WHEREFORE, Defendant respectfully requests that her motion to dismiss be granted and for such further relief as this Honorable Court deems appropriate and just.

Dated: May 27, 2022

Respectfully submitted,

**Kwame Raoul**
Attorney General for Illinois
State of Illinois

/s/   *Hanan Malik*
Hanan Malik
Assistant Attorney General
Office of the Illinois Attorney General
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(773) 590-7848
Hanan.Malik@ilag.gov