# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC BERNARD (#R-25398), a/k/a TERRELL KING,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF CORRECTIONS and WEXFORD HEALTH SOURCES, INC.<br><br>Defendants. | No. 20-cv-50412<br><br>Hon. Iain D. Johnston, District Judge<br><br>Hon. Margaret J. Schneider, Magistrate Judge |

### WEXFORD HEALTH SOURCES, INC.'S MOTION TO DISMISS

NOW COMES the Defendant, WEXFORD HEALTH SOURCES, INC., by and through its attorneys, CASSIDAY SCHADE, LLP, and moves this Honorable Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to Dismiss Plaintiff's Amended Complaint [ECF #77], and in support thereof, states as follows:

### I. Introduction

Plaintiff, ERIC BERNARD, is an inmate incarcerated at the Dixon Correctional Center in Dixon, Illinois. Plaintiff brings his current lawsuit against Wexford Health Sources, Inc. seeking redress under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.,* and the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701 *et seq.* Plaintiff brings this lawsuit against Wexford under the ADA / RA despite well-established case law that such claims do not extend to a private company like Wexford or its employees. Plaintiff has previously filed similar ADA / RA claims, which have been dismissed as inappropriately filed. See, e.g., *Bernard v. Baldwin*, No. 20-cv-5368, 2022 U.S. Dist. LEXIS 50351 (N.D. Ill.).

1

Wexford now moves to dismiss Plaintiff's Amended Complaint [ECF #77] with prejudice, and requests that this Honorable Court enter a strike again Plaintiff pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and for any further relief.

## II. Standard of Review

In ruling on a Rule 12(b)(6) motion, the court must dismiss the complaint if the allegations do not state a plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 622 (2009). "The fact that the allegations undergirding a plaintiff's claim could be true is no longer enough to save it." *Atkins v. City of Chicago*, 631 F.3d 823, 831 (7th Cir. 2011). The Plaintiff's allegations must reasonably put forward that he has a right to relief by raising that possibility above a "speculative level." *EEOC v. Concentra Health Servs*, 496 F.3d 773, 776 (7th Cir. 2007). If the allegations do not rise above this level, the Plaintiff pleads himself out of court. *Id*.

## III. Argument

### A. Count I – Wexford Is Not a Proper Defendant in a Title II ADA Claim

Plaintiff has failed to state a cause of action against Wexford Health Sources, Inc. for violations of his statutory rights under the Americans with Disabilities Act, 42 U.S.C. 12101, as Wexford is not a proper Defendant under Title II of the ADA. Plaintiff is well-aware that "the only proper defendant in a claim under the ADA or Rehabilitation Act is the state agency (or state official acting in his or her official capacity)." *Bernard v. Baldwin*, No. 20-cv-5368, 2022 U.S. Dist. LEXIS 50351 at *18–19 (N.D. Ill., Mar. 2022) (citations omitted).

A medical provider for a privately owned medical services corporation—such as Wexford—is not a "public entity" within the meaning of 42 U.S.C. § 12101, *et. seq*. Title II of the ADA prohibits discrimination by public entities, such as State or Local governments. 42 U.S.C. § 12131. Title II defines a "public entity" as "(A) any State or local government; (B) any

department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131(1).

Courts in the Seventh Circuit have repeatedly "refused to recognize a private corporation as an instrumentality of the State of Illinois simply because it contracts with [IDOC] to provide medical services to inmates." *Bradley v. Wexford, Inc.*, No. 19-cv-00752-SMY, 2019 U.S. Dist. LEXIS 131560 at *3 (S.D. Ill. Aug. 6, 2019) (collecting cases); *Hogle v. Baldwin*, 2017 U.S. Dist. LEXIS 150753 at *6 (C.D. Ill. Sept. 18, 2017) ("Plaintiff's claim under Title II of the ADA fails because Wexford is not a public entity."); *Wilkerson v. Hammond*, 2013 WL 5950820 (S.D. Ill. Nov. 7, 2013); *Maxwell v. South Bend Work Release Center*, 787 F. Supp. 2d 819, 821 (N.D. Ind. 2011) (finding that "a private company does not become a public entity for Title II purposes merely because it has a business or contractual relationship with a public entity."); *Edison v. Douberly*, 604 F.3d 1307, 1308–10 (11th Cir. 2010) (holding that a private prison does not become liable under the ADA "merely by contracting with the State to provide governmental services, essential or otherwise."); *Green v. New York*, 465 F.3d 65, 78–79 (2nd Cir. 2006) (holding that a private hospital performing services pursuant to a contract with a municipality is "not a creature of any governmental entity" and is therefore not an "instrumentality" for purposes of Title II); *Phillips v. Tiona*, 508 Fed. Appx. 737 (10th Cir. 2013) (Title II does not apply to private corporation that operates a prison); *Cox v. Jackson*, 579 F. Supp. 2d 831, 852–53 (E.D. Mich. 2008) (holding that a private company providing medical services to a prison is not a public entity, stating, "[a] private contractor does not become a 'public entity' under Title II merely by contracting with a governmental entity to provide governmental services"); *Collazo v. Corr. Corp. of Am.*, 2011 U.S. Dist. LEXIS 137666 at *3 (N.D. Ohio Nov. 30, 2011) (unpublished) ("A private prison does not

qualify as a department or agency of a state or local government and therefore is not a 'public entity' under the [ADA].").

Likewise, individual employees of Wexford Health Sources, Inc. are not amendable to suit under either the ADA or RA. *Jaros v. Illinois Dep' of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012); *Stanek v. St. Charles Cmty. Unit Sch. Dist.* #303, 783 F.3d 634, 644 (7th Cir. 2015) (noting no individual capacity claims for discrimination under the RA and ADA).

Here, Plaintiff's complaint must be dismissed as Wexford is not a proper defendant under the ADA. Accordingly, Wexford respectfully requests that Count I of Plaintiff's Amended Complaint against Wexford be dismissed with prejudice.

### B. Count II – Wexford Is Not a Proper Defendant in a Rehabilitation Act Claim

Likewise, Plaintiff's RA claim is improperly brought against Wexford, as Wexford is not subject to the Rehabilitation Act claims. *Wilkerson*, 2013 U.S. Dist. LEXIS 159462 at *17 (S.D. Ill., June 21, 2016) (Holding that the IDOC—not Wexford—is the appropriate defendant in an RA claim); *Knox v. Jeffrey*, No. 21-cv-483, 2021 U.S. Dist. LEXIS 180634 at *16 (S.D. Ill. Sept. 22, 2021) (dismissing inmate's RA claim against Wexford with prejudice). Further, the "Seventh Circuit has rejected Rehabilitation Act claims against a party that receives federal funds indirectly via a contract with a state." *Eby v. Okezie*, No. 19 C 8404, 2021 U.S. Dist. LEXIS 172595 at *6 (N.D. Ill. Sept. 13, 2021) (citing *Grzan v. Charter Hosp. of Nw. Ind.*, 104 F.3d 116, 120 (7th Cir. 1997)); *Gallagher v. Croghan Colonial Bank*, 89 F.3d 275, 278 (6th Cir. 1996)) ("[C]overage of the Rehabilitation Act does not follow federal aid past the intended recipient to those who merely derive a benefit from the aid or receive compensation for services rendered pursuant to a contractual arrangement."); *Wesley ex rel. Wesley v. Armor Corr. Health Servs., Inc.*, No. 19-CV-0918, 2019 U.S. Dist. LEXIS 203045 at *4 (E.D. Wis. 2019); *Boyden v. Conlin*, No. 17-CV-264-WMC, 2018 U.S. Dist. LEXIS 79753 at *8 (W.D. Wis. 2018).

Here, Wexford is a private company that contracts with the State of Illinois to provide medical care and treatment to inmates throughout the Illinois Department of Corrections. As such, the IDOC—not Wexford—is the appropriate defendant in a Rehabilitation Act claim and Count II of Plaintiff's Amended Complaint against Wexford should be dismissed with prejudice.

### C. *Count III – Wexford Is Not a Proper Defendant in a Title III ADA Claim*

Count III of Plaintiff's Amended Complaint against Wexford should also be dismissed, as Wexford is not a proper defendant under a Title III ADA claim. It is completely implausible that a prison or its health care unit are "public accommodations" under Title III of the ADA. Title III prohibits discrimination on the basis of disability "in the full and equal enjoyment . . . of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of accommodation." 42 U.S.C. § 12182(a). Unsurprisingly, other courts have concluded that prisons are not public accommodations under Title III of the ADA. *Collazo v. Corrections Corp. of Am.*, 2011 U.S. Dist. LEXIS 137666 (N.D. Ohio Nov. 30, 2011) ("The ADA only regulates non-residential facilities[,]" and does not apply to a jail or prison facility); *Morgan v. Mississippi*, No. 2:07-cv-15, 2008 U.S. Dist. LEXIS 107172 at *16–17 (S.D. Miss. Feb. 14, 2008) (noting that prisons are not public accommodations under Title III of the ADA).

To be sure, a prison is highly controlled, secure environment that does not permit the general public to come and go within its walls as they please. In fact, it is harder to image a place that is *less of a "public accommodation"* than a prison. Inmates are wards of the state who have been *removed* from the public sphere as punishment for their crimes. The Dixon Correctional Center and its health care unit is not a place that the general public can simply access for health care.

Further, a prison does not engage in activities that affect commerce, and the delivery of health care services to inmates—who are wards of the state—does not amount to economic

5

activity. Rather, Wexford provides constitutionally mandated treatment to inmates within the walls of the Dixon Correctional Center. It does not invite the general public to come into the prison for medical treatment, and inmates do not engage in economic activity by seeking treatment within the walls of the prison.

Accordingly, Count III of Plaintiff's Amended Complaint against Wexford should be dismissed with prejudice.

### D. *Plaintiff's Complaint Does Not Allege Discrimination Based on His Disabilities*

Lastly, regardless of whether Wexford is an appropriate defendant, Plaintiff's lawsuit does not present allegations of discrimination based on his alleged disabilities. Rather, Plaintiff's present lawsuit is yet another attempt to litigate his dissatisfaction with the treatment he receives because of his disability. The ADA and RA do not create a federal cause of action for prisoners challenging the medical treatment provided for their underlying disabilities. *See Grzan v. Charter Hosp.*, 104 F.3d 116, 121–22 (7th Cir. 1997); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (a claim for inadequate treatment is improper under the ADA); *William v. Baker*, 2014 WL 1379572 (C.D. Ill. Apr. 8, 2014), citing *Resel v. Fox*, 26 Fed. Appx. 572 * 4 (7th Cir. 2001); *Perrey v. Donahue*, 2007 WL 4277621 at * 4 (N.D. Ind. Dec. 3, 2007); *Hubbard v. Taylor*, 452 F.Supp.2d 533, 544 (D. Del. 2006); *see also Vick v. Core Civic*, 329 F. Supp. 3d 426, 443-44) (M.D. Tenn. 2018) ("Plaintiff is claiming that he was not properly treated for his diabetes, not that he was mistreated because of his diabetes. This claim falls squarely under the Eighth Amendment of the United States Constitution and will be addressed as such.") (collecting cases).

In his Amended Complaint, Plaintiff brings a hodgepodge of claims arising out of his care and treatment while at the Dixon Correctional Center—factual claims that directly overlap with his other lawsuits despite this court's prior admonishment against bringing such overlapping claims. *See, e.g.* [Order of October 1, 2021, ECF #57]; and *Bernard v. Jeffries*, No. 20-CV-50413

at [Plaintiff's Second Amended Complaint, ECF #28]. Despite this, none of these allegations amount to discrimination because his disability, but instead, constitute nothing more than his dissatisfaction with his care and treatment, which he is already litigating elsewhere. *See generally, Bernard v. Jeffries*, No. 20-CV-50413 at [Plaintiff's Second Amended Complaint, ECF #28]. For example:

- Plaintiff alleges that Wexford "refused to allow" him to be sent to Schwab Rehabilitation Hospital, and, despite Wexford having no role in moving inmates between prisons, claims that Wexford sent him to Stateville Correctional Center. [ECF #77 at ¶ 23].

- Despite Plaintiff's first-hand knowledge that he is housed in a round-the-clock care facility inside of the Dixon Correctional Center, Plaintiff alleges that Wexford "remain unwilling to provide Mr. Bernard with comprehensive therapy and the comprehensive assistive devices required to improve Mr. Bernard's functioning" and other "therapy and accommodations." [*Id.* at ¶¶ 25–26].

- Despite litigating the use of his Hoyer lift in other lawsuits, Plaintiff here alleges that the Defendants failed to provide him with "safe and adequate ADA-Assistive Devices." [*Id.* at ¶¶ 28–29]; s*ee generally, Bernard v. Jeffries*, No. 20-CV-50413 at [Plaintiff's Second Amended Complaint, ECF #28].

- Plaintiff also alleges that he was denied an adequate "geri chair." [ECF #77 at ¶ 39].

- As in his other lawsuits, Plaintiff again alleges that Wexford allows other inmates to perform certain hygiene regimens for Plaintiff, and that Wexford has allowed inmate Richard Milan to sexually assault him. [ECF #77 at ¶ 42]; *see generally, Bernard v. Jeffries*, No. 20-CV-50413 at [Plaintiff's Second Amended Complaint, ECF #28]

- As in his other lawsuits, Plaintiff also alleges a series of events where he had meetings with attorneys or court hearings, and appeared at these meetings in soiled underwear. [ECF #77 at ¶¶ 46–64]; *see generally, Bernard v. Jeffries*, No. 20-CV-50413 at [Plaintiff's Second Amended Complaint, ECF #28]

- He also complains about the adequacy of his mental health medications. [ECF #77 at ¶¶ 65–73].

- Plaintiff also complains about the adequacy of his "access to outside medical care and dental care," despite now raising these claims in another lawsuits.

[ECF #77 at ¶¶ 74–82]; *see generally, Bernard v. Jeffries*, No. 20-CV-50413 at [Plaintiff's Second Amended Complaint, ECF #28]

- Plaintiff also alleges that Wexford somehow "isolates" him from his family and peers by not providing him with a TVs and access to an ADA-compliant privacy booth for his phone calls. [ECF #77 at ¶¶ 83–97].

Here, Plaintiff is not complaining that he is being denied equal access to the prison and its services, he is essentially complaining that he is dissatisfied with the above-and-beyond measures that are uniquely provided to him but are not provided to other inmates. Plaintiff opens his complaint by complaining that he was denied a transfer to a rehabilitation hospital and was sent to the Stateville Correctional Center instead. Plaintiff does not adequate allege how this amounts to discrimination. Nor does he allege how Wexford discriminated against him because of his disability. Rather, Plaintiff is simply claiming that he is dissatisfied with his medical care and treatment.

The, despite admitting that he has access to a Hoyer lift and a "geri chair," Plaintiff claims that he is being denied access to ADA "assistive devices." Plaintiff complains about his Hoyer lift being broken and his "geri chair" being old and well-used. Clearly, these are claims related to the sufficiency about his medical treatment—not a claim that he is being discriminated against because of his disability. Plaintiff offers no allegations how inmates who are not disable receive better Hoyer lifts, "geri chairs," or ADA "assistive devices."

Plaintiff then complains about being denied access to "comprehensive therapy and the comprehensive assistive devices required to improve Mr. Bernard's functioning" and other "therapy and accommodations." Of course, Plaintiff does not add sufficient detail to his complaint to explain what "comprehensive therapy" or "assistive devices" he is referring to, or how he was discriminated against in these purported services because of his disability. In short, these

8

allegations are plainly complaints about the adequacy of his medical treatment at the Dixon Correctional Center, which are inappropriate under the ADA or RA.

Even more deficient is his claim that other inmates to perform certain hygiene regimens for Plaintiff, and that Wexford has allowed inmate Richard Milan to sexually assault him. Clearly, these allegations do not amount to a claim for discrimination based on his disability. Plaintiff offers no allegations how other inmates who are not disable receive around-the-clock hygiene regimens. Nor does the allegation that another inmate sexually assaulted him have anything to do with Wexford or an ADA / RA claim.

Plaintiff further complains about having soiled diapers that interfered with meetings with attorneys and court hearings. Plaintiff claims that Wexford staff should be obligated to follow him on dangerous court writs and off-site medical appointments to provide him with around-the-clock diaper changing services. Plaintiff offers no well-pled allegations that court writs or attorney's visits are anything that Wexford has any responsibility for "accommodating," nor does Plaintiff provide any well-pled factual basis that he is being discriminated against on these writs and visits because of his disability. These allegations clearly do not amount to a claim for discrimination based on his disability, but a dissatisfaction with the around-the-clock care that he is provided, which is not proper under the ADA or RA.

Plaintiff also complains about the adequacy of his mental health medications, being sent-off site for medical treatment, and not receiving dental x-rays. Again, these are not allegations that he is being discriminated against—in fact, the allegations show he has access to off-site medical treatment and the dental unit—but that he is merely dissatisfied with the same.

Plaintiff further alleges that Wexford somehow "isolates" him from his family and peers by not providing him with a TVs and access to an ADA-compliant privacy booth for his phone

calls. Clearly, Wexford as medical provider has no obligation to provide him with visits with family and peers, give him access to TVs, or special privacy booths for phone calls. Plaintiff's claim in this respect is wholly d without any merit or legal basis.

In essence, Plaintiff's lawsuit is simply another front in his duplicitous litigation. His specific complaints do not demonstrate that Wexford is denying him access to services that other inmates enjoy, rather, Plaintiff is simply dissatisfied with the additional care that is being provide to him because of his disability. These are two completely different things. By example, Plaintiff is not complaining that he cannot access the health care unit because there is no accessibility ramp to navigate the stairs to the health care unit—he is complaining that he does not like the ramp that is there and that he should have a special motorized ramp or other benefits above and beyond what the ADA and RA require. Plaintiff's entire lawsuit is nothing more than a mere disagreement with the quality of his medical treatment at the Dixon Correctional Center, which is not a proper basis for an ADA or RA claim. *Grzan*, 104 F.3d at 121–22; *Bryant*, 84 F.3d at 249; *William*, 2014 WL 1379572; *Resel*, 26 Fed. Appx. 572 at *4; *Perrey*, 2007 WL 4277621 at * 4; *Hubbard*, 452 F.Supp.2d at 544; *Vick*, 329 F. Supp. 3d at 443–44 Here, Plaintiff's claims sound under the Eighth Amendment, and to no one's surprise, Plaintiff is already litigating these claims elsewhere. *See Bernard v. Jeffries*, No. 20-CV-50413 at [Plaintiff's Second Amended Complaint, ECF #28] (indeed, some the allegations appear to be verbatim copy-and-pastes of his other lawsuits).

Accordingly, Plaintiff's lawsuit is incurably defective not only because Wexford is not a proper defendant under the ADA or RA, but because he has failed to allege a claim for discrimination and is merely grieving his dissatisfaction with the care that he receives. Accordingly, Plaintiff's Amended Complaint should be dismissed with prejudice.

### E. *Plaintiff Should Be Assessed a Strike Under the Prison Litigation Reform Act*

Lastly, Wexford respectfully requests that Plaintiff's lawsuit be dismissed given the duplicitous nature of the claim, which raises serious *res judicata* and collateral estoppel concerns. This court has already admonished Plaintiff to not bring claims in this case that he is litigating elsewhere. [Order of November 19, 2020, ECF #7; Order of July 8, 2021, ECF #47; Order of October 1, 2021, ECF #57]. However, the factual substance of his complaint is effectively the same as his other complaints. Compare [ECF #77] *and Bernard v. Jeffries*, No. 20-CV-50413 at [Plaintiff's Second Amended Complaint, ECF #28]. Plaintiff's Amended Complaint—drafted by counsel no less—is a deliberate attempt to double-up on litigation that he has pending before this court elsewhere. This court should dismiss this case given Plaintiff's failure to heed this court's warning about attempting to engage in duplicitous litigation. Further, this court should enter a strike against Plaintiff under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), for failing to state a cause of action against Wexford, and for engaging in duplicitous litigation.

WHEREFORE, the Defendant, WEXFORD HEALTH SOURCES, INC., respectfully requests that this Honorable Court enter an Order: (1) Granting the instant motion to dismiss; (2) dismissing Plaintiff's Amended Complaint [ECF #77] with prejudice; (3) terminating WEXFORD HEALTH SOURCES, INC. as a Defendant; (4) entering a strike against Plaintiff pursuant to the Litigation Reform Act, 28 U.S.C. § 1915(g); and (5) for any other relief deemed equitable and just.

Respectfully submitted,

CASSIDAY SCHADE, LLP

By: /s/ *Stephen J. Gorski*

One of the Attorneys for Defendant, WEXFORD HEALTH SOURCES, INC.

Matthew H. Weller (6278685)
Stephen J. Gorski (6306046)
CASSIDAY SCHADE LLP
973 Featherstone Rd., Suite 125
Rockford, IL 61107
(815) 962-8301
mweller@cassiday.com
sgorski@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2022, I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ *Stephen J. Gorski*