050181/21061/MHW/SJG/JMR

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC BERNARD (#R-25398), a/k/a TERRELL KING, | |
| Plaintiff, | No. 20-cv-50412 |
| v. | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, and WEXFORD HEALTH SOURCES, INC. | Hon. Judge Iain D. Johnston |
| | Magistrate Judge Margaret J. Schneider |
| Defendants. | |

## DEFENDANT WEXFORD HEALTH SOURCES'S MOTION TO COMPEL

NOW COMES the Defendant WEXFORD HEALTH SOURCES, INC., by and through its attorneys, CASSIDAY SCHADE LLP, and moves this Honorable Court pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) and Local Rule 37.2, for entry compelling amended responses to discovery from Plaintiff, and in support of its Motion to Compel, states as follows:

1. Plaintiff filed this lawsuit filed pursuant to the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA), alleging that the Defendant violated his civil rights through unlawful disability discrimination at the Dixon Correctional Center in Dixon, Illinois.

2. The parties are engaged in written discovery. However, the parties have reached an impasse in discovery. Wexford has requested pertinent, material information from Plaintiff, who has objected or otherwise refused to answer. Based on the correspondence exchanged with Plaintiff (through counsel), Defendant Wexford now moves for the Court's assistance in compelling Plaintiff's answers to discovery.

**Local Rule 37.2 Statement of Efforts to Reach an Accord**

1

050181/21061/MHW/SJG/JMR

3. On December 16, 2022, Wexford issued a set of Interrogatories and Requests for Production on Plaintiff. [Exhibit 1—Defendant Wexford Health Sources Inc.'s Interrogatories to Plaintiff; Exhibit 2—Defendant Wexford Health Sources Inc.'s Requests for Production.]

4. Concerning Plaintiff's Rehabilitation Act claim, Wexford's Interrogatory #23 specifically requested that Plaintiff "State the factual basis for [his] allegation that WEXFORD HEALTH SOURCES, INC. is a 'recipient of federal funding' and 'receives federal financial assistance.' *See* Plaintiff's Amended Complaint [ECF #77] at ¶¶ 16, 113." Plaintiff specifically relied upon his allegation in response to Wexford's motion to dismiss the RA claim. *See* [ECF #107 at p. 14]. The court denied Wexford's motion to dismiss the RA claim upon Plaintiff's allegations that Wexford is a recipient of federal funding upon the assumption that "this critical allegation was made with reasonable inquiry. Fed. R. Civ. P. 11(b)." In essence, Wexford's interrogatory to Plaintiff seeks information about his "reasonable inquiry," as required by Rule 11, before making such an allegation.

5. On March 2, 2023, Plaintiff responded to Wexford's Interrogatories and Requests for Production. [Exhibit 3—Plaintiff's Response to Wexford Health Sources' Interrogatories to Plaintiff; Exhibit 4—Plaintiff's Response to Wexford's Requests for Production]. These answers in no way provided any information about Plaintiff's factual basis regarding his claim that Wexford is a recipient of federal funding, and simply referred to "the Medicare Act." Wexford, identifying certain deficiencies with these responses, sent a letter to Plaintiff's counsel on March 10, 2023, pursuant to Northern District of Illinois Local Rule 37.2. [Exhibit 5—Wexford's Rule 37.2 Letter dated March 10, 2023].

6. Having received no response for over a month, counsel for Wexford spoke with counsel for the Plaintiff over the phone on April 14, 2023, regarding the outstanding response to

050181/21061/MHW/SJG/JMR

Wexford's 37.2 letter. Plaintiff's counsel stated they would respond to Wexford's letter sometime the following week.

7. On April 24, 2023, Plaintiff's counsel provided a letter to defense counsel. [Exhibit 6—Plaintiff's Counsel's Return 37.2 Letter Dated April 24, 2023]. This letter, despite claiming to "provide[] additional information" was non-responsive to Wexford's prior points. It neither supplemented/modified Plaintiff's discovery responses nor provided a well-founded point of objection.

8. On April 28, 2023, counsel for Wexford and Plaintiff discussed the responsiveness of this letter and Plaintiff's discovery via a telephone call. While opposing counsel did make assurances that they would provide greater specificity when identifying and referencing documents, the issue as to the federal funding discovery issues remained at an impasse. [Exhibit 7—Email From Plaintiff's Counsel Dated April 28, 2023].

**Argument**

9. Wexford faces serious allegations that it has violated Plaintiff's civil rights through violations of the ADA and RA. Wexford is vigorously denying these allegations and in so doing have requested discovery answers from Plaintiff. The Defendant's requests are not particularly burdensome or onerous and request basic information from the Plaintiff.

10. Plaintiff has objected to providing information, aside from his general assertion and an unexplained citation to the "Medicaid Act," behind the basis for his belief that Wexford is a recipient of federal funds. See [Exhibit 3; Exhibit 5]. This allegation is critical to Plaintiff's RA claim, and the Court denied Wexford's motion to dismiss this count on the premise that Plaintiff, pursuant to Fed. R. Civ. Pro. 11(b), had done some reasonable inquiry to establish a good faith basis. [ECF #114, p.12]. Plaintiff has declined to provide an answer on this, claiming the early

050181/21061/MHW/SJG/JMR

stage of discovery vitiates his necessity to respond, that investigation is continuing, and that the sought information is accessible to Wexford already.

11. To be sure, Plaintiff's objections are improper. As this Court noted, Fed. R. Civ. Pro. 11(b) required Plaintiff to exercise some due diligence before making their allegation that Wexford receives federal funding. Further, any access[1] to this information on Wexford's behalf does not negate Plaintiff's obligation to furnish his basis for this information. *Gevas v. Wexford Health Sources*, No. 20 C 50146, 2021 U.S. Dist. LEXIS 233691, at *16-17 (N.D. Ill. Dec. 7, 2021), citing *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 256, 259 (N.D. Ill. 1979), *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, No. 1:18-cv-0825, 2020 U.S. Dist. LEXIS 61634, 2020 WL 1701861, at *6 (N.D. Ill. Apr. 8, 2020).

12. Here, Wexford's interrogatory seeks information about the *basis* of Plaintiff's allegation and what reasonable inquiry he undertook before making that allegation. Plaintiff's response that his "investigation continues" is improper, since discovery is precisely the time when Plaintiff's "investigation" should be complete and, moreover, Wexford's interrogatory specifically seeks information about Plaintiff's basis for alleging an RA claim against Wexford. Alarmingly, it appears that Plaintiff—a vexatious litigator—and his counsel have simply fabricated claims against Wexford. Plaintiff's position that he does not have to explain his factual basis for alleging that Wexford is a recipient of federal funding is without basis in law and appears to be nothing more than an attempt to waste Wexford's time and resources.

13. Should the Court grant this Motion, or if Plaintiff's amended responses/production otherwise follows the filing of this Motion, Defendants request fees and costs associated with the production of this Motion be paid by Plaintiff pursuant to FRCP

---

[1] To be sure, Wexford does not have access to this information, as Wexford has stated already, and continues to state, that it is not a recipient of federal funds.

4

050181/21061/MHW/SJG/JMR

37(a)(5)(A)-(C). Plaintiff's non-responsiveness is not substantially justified, and Wexford has attempted in good faith to obtain discovery without court action.

WHEREFORE, Defendant WEXFORD HEALTH SOURCES, INC., respectfully requests that this Court (1) grant the instant Motion to Compel in favor of Defendant Wexford; (2) award Defendant Wexford fees and costs associated with the preparation and presentation of this Motion; and (3) any other relief this Court deems equitable and just.

        Respectfully submitted,

        CASSIDAY SCHADE LLP

        By: /s/ Joseph M. Ranvestel
           Joseph M. Ranvestel
        One of the Attorneys for Defendant, WEXFORD HEALTH SOURCES, INC.

Matthew H. Weller
Stephen J. Gorski
Joseph Ranvestel
CASSIDAY SCHADE LLP
973 Featherstone Rd., Ste. 125
Rockford, IL  61101
Phone: 815-962-8301
Fax:    815-962-8401
mweller@cassiday.com
sgorski@cassiday.com
jranvestel@cassiday.com

050181/21061/MHW/SJG/JMR

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2023, I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case. A copy of the foregoing was served on Plaintiff at the same date and time, via U.S. Mail, as follows:

    Eric E. Bernard (R-25398)
    Dixon Correctional Center
    2600 N. Brinton Ave.
    Dixon, IL 61021

                            /s/ Joseph M. Ranvestel

Joseph M. Ranvestel - 6339560
CASSIDAY SCHADE LLP
973 Featherstone Rd., Suite 125
Rockford, IL 61107
Phone: 815-962-8014
jranvestel@cassiday.com