# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC BERNARD (#R-25398), a/k/a TERRELL KING, | |
| Plaintiff, | No. 20-cv-50412 |
| v. | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, and WEXFORD HEALTH SOURCES, INC. | Hon. Judge Iain D. Johnston |
| | Magistrate Judge Margaret J. Schneider |
| Defendants. | |

### DEFENDANT WEXFORD HEALTH SOURCES, INC.'S REQUESTS FOR PRODUCTION

NOW COMES the Defendant, WEXFORD HEALTH SOURCES, INC., by and through its attorneys, CASSIDAY SCHADE, LLP, and requests that Plaintiff, ERIC BERNARD (#R-25398) produce pursuant to Rule 34 of the Federal Rules of Civil Procedure within thirty (30) days for inspection and copying, the following:

### INSTRUCTIONS

1. Produce all documents and other tangible things requested herein for copying and inspection at the office of Cassiday Schade LLP, 973 Featherstone Rd., Suite 125, Rockford, IL 61107.

2. In responding to these Requests, specify which documents are produced in response to each of the numbered paragraphs below. If the documents are produced as they are kept in the usual course of business, then each document should be marked or assembled so as to

indicate the location and identity of the particular file in which it was found and the name of the individual who was the custodian of such file.

3. The Requests encompass all information, documents and records that are in Plaintiff's possession, control or custody or in the possession, control or custody of his agents, assigns, and/or representatives, past and present, and, each and every attorney, past and present.

4. If any document herein was formerly in Plaintiff's possession, custody or control and has been lost or destroyed, Defendants are requested to submit in lieu of each such document a written statement which:

a. Describes in detail the nature of the document and its contents.

b. Identifies the person/person who prepared or authored the document and, if applicable, any persons to whom the document was sent.

c. Specifies the date on which the document was prepared or transmitted or both.

d. Specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions of or reasons for such destruction and the person requesting and performing the destruction.

5. If any document otherwise required to be produced by this request is withheld as privileged, Plaintiff shall identify the document by stating its date, author, subject matter, recipients, addresses of recipients of the original copies thereof, the specific reason for withholding all other information required by applicable law.

6. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty to seasonably supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional correction information has not otherwise been made known to us during the discovery process or in writing.

**DEFINITIONS**

1. "Communication" shall mean any conversation, discussion, meeting, correspondence, e-mail, facsimile, or other conveyance of ides or information.

2. "Complaint" means the Complaint that ERIC BERNARD (#R-25398) has filed in the above-captioned action.

3. "Defendant" means WEXFORD HEALTH SOURCES, INC.

4. "Documents" means all material that are discoverable under Rule 34 of the Federal Rules of Civil Procedure including the originals (or any copy when originals are not available), drafts, and any non-identical copies (whether different from the originals because notes made on such copies or otherwise) of writings of every kind and description, whether inscribed by hand or by mechanical, electronic, microfilm, photographic, or other means, as well as phonic (such as tape recordings) or visual reproduction or oral statements, conversations or events, and including, but not limited to, correspondence, memoranda, notes, reports, contracts, agreements, time records, bills, invoices, computer runs and summaries of computer runs. "Document" shall also mean all electronically produced, generated or stored documents, including, but not limited to, e-mails, word processing files, computer databases, spreadsheets, and schedules, including all non-identical copies, backups or archival versions of the same. To the extent that such materials are produced on media other than paper, "document" includes information sufficient to allow translation into useable form.

5. "Grievances" has the same meaning as it does when used in 730 ILCS 5/3-8-8 and in any regulation established pursuant to 730 ILCS 5/3-8-8.

6. "Identify" means, when referring to a person, to provide at least: (a) the person's full name; (b) every alias by which the person was known at any time; (c) the person's current or

last known home and business address; (d) the person's current or last known employer, job title, and job description; (e) if the person is no longer employed by or affiliated with a part to this Lawsuit, each of the person's job titles, and job descriptions at times pertinent to this lawsuit.

7. "Lawsuit" means the above-captioned civil action.

8. "Relating to" shall be construed to include in any way concerning, indicating, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, responding to, supporting, contradiction, constituting in whole or in part, and being a draft, copy or summary of in whole or in part.

## DOCUMENTS TO BE PRODUCED

1. Any and all statements, whether written, oral, recorded, transcribed, notes or summaries of statements (other than statements by a party to his attorney or insurer) in any way connected with or referring to the occurrence(s) in question, the area where the incident occurred, and the persons, equipment, material or procedures involved.

2. Any and all drawings, photographs, slides, motion pictures, sketches, maps, diagrams, surveys, blueprints, charts, experimental results or notes, or models which pertain to the parties to this cause, the allegations of deliberate indifference or the injuries or damages claimed, or any physical object or equipment claimed to be involved in this case.

3. Any and all medical reports, medical records, diagnostic studies and films (including but not limited to x-rays, myelographic and CT films) and bills regarding Plaintiff.

4. Any and all notes, diaries, calendars or other writings prepared by or on behalf of the Plaintiff and pertaining to the events, injuries or recovery as a result of the occurrence(s) in question.

5. Any and all records and/or other writings pertaining to grievances made by Plaintiff concerning the occurrence(s) and/or damages resulting from those occurrences(s), and any and all documentation of any kind concerning Plaintiff's alleged exhaustion of administrative remedies with respect to this claim.

6. Any and all receipts, canceled checks, bills, invoices or other writings referring or relating in any manner to expenses or damages resulting from the occurrence in question.

7. Any and all documents or things set forth or referred to in Plaintiff's Answers to Interrogatories propounded by this Defendant.

8. All correspondence from or to this/these Defendant(s) or his/their agents, principals, employees, representatives or servants.

9. Any and all documents supporting your allegation that WEXFORD HEALTH SOURCES, INC. is a "recipient of federal funding" and "receives federal financial assistance." *See* Plaintiff's Amended Complaint [ECF #77] at ¶¶ 16, 113.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Stephen J. Gorski
    One of the Attorneys for Defendant,
    WEXFORD HEALTH SOURCES, INC.

Matthew H. Weller
Stephen J. Gorski
Joseph M. Ranvestel
CASSIDAY SCHADE LLP
973 Featherstone Rd., Suite 125
Rockford, IL 61107
(815) 962-8301
mweller@cassiday.com
sgorski@cassiday.com
jranvestel@cassiday.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 16, 2022, I served the foregoing Requests to Produce on the attorneys of record in this case via electronic mail, as follows:

Michael I Kanovitz, Esq.
Kelly Jo Popkin, Esq.
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago IL 60607
(312)243-5900
mike@loevy.com
popkin@loevy.com

Oren Nissim Nimni, Esq.
Rights Behind Bars
416 Florida Avenue NW, Suite 26152
Washington DC 20001
(202) 540-0029
oren@rightsbehindbars.org

Hanan Malik, Esq.
Office of the Illinois Attorney General
General Law Bureau
100 West Randolph Street
Suite 1300
Chicago IL 60601
(773) 590-7848
hanan.malik@ilag.gov

                                            /s/ Stephen J. Gorski