Exhibit 3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC BERNARD (#R-25398), a/k/a TERRELL KING, | |
| Plaintiff, | No. 20-cv-50412 |
| v. | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, and WEXFORD HEALTH SOURCES, INC. | Hon. Judge Iain D. Johnston<br>Magistrate Judge Margaret J. Schneider |
| Defendants. | |

## PLAINTIFF'S RESPONSE TO WEXFORD HEALTH SOURCES' INTERROGATORIES TO PLAINTIFF

## GENERAL OBJECTIONS

Plaintiff's investigation is ongoing as to all matters referenced in the objections and responses below. Plaintiff's objections and responses are based upon, and necessarily limited by, information now reasonably available to Plaintiff. Plaintiff specifically reserves all rights to revise, correct, supplement, modify, or clarify the content of his objections and responses below, in accordance with the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence.

Each objection below applies to each instruction, definition, and specific request included in the interrogatories; and unless otherwise stated, shall have the same force and effect as if set forth in full in response to each instruction, definition, and specific request.

Plaintiff construes Defendant's interrogatories to request information within his possession, custody, or control, consistent with the requirements of the Federal Rules of Civil Procedure, and to not seek information that is already in the possession, custody, or control of Defendant, or that is obtainable from public sources or court records, from a source more convenient or less burdensome than from Plaintiff, or from a source equally accessible to Plaintiff and Defendant.

Plaintiff objects to the interrogatories to the extent that they seek information that is

protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, the doctor-patient privilege, the marital communications privilege, or any other applicable law, regulation, privilege, immunity, or discovery protection, or that are otherwise protected by disclosure under the Federal Rules of Civil Procedure and/or Federal Rules of Evidence. In responding to these interrogatories, Plaintiff preserves all objections and intends to make no waiver with regard to any claim of privilege. Plaintiff reasonably interprets the instructions, definitions, and interrogatories to not seek information that is privileged, and therefore outside of the scope of discovery as defined by Federal Rule of Civil Procedure 26(b)(1), or protected as work product, which falls presumptively outside the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b)(3)(A).

Plaintiff objects to the interrogatories to the extent that they purport to impose burdens or obligations on Plaintiff that are broader than, inconsistent with, not authorized under, or not reasonable pursuant to the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence. Plaintiff further reserves the right to assert additional objections which may become apparent in the course of this action, including those based on undue burden.

Plaintiff objects to Wexford's boilerplate definitions and instructions because they are not provided for or required under Federal Rule of Civil Procedure 33; if Wexford believes that Plaintiff needs to consider more than the plain language of their requests to adequately respond, Plaintiff invites Defendants to confer on that point.

Plaintiff objects to the interrogatories that exceed the permitted number of requests and/or include multiple questions on the basis that they should not be considered a single interrogatory under the applicable Rules. Plaintiff will construe each interrogatory that contains multiple questions as individual interrogatories, including discrete subparts. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

## **INTERROGATORIES**

1.      State your full name, as well as your current residence address, social security number, inmate identification number, date and place of birth, and any other name by which you have ever been known.

**ANSWER:**

Plaintiff objects to providing his social security number on the grounds that it is unnecessarily intrusive and not relevant to this action. Plaintiff offers to confer with Defendants regarding the reciprocal production of all parties' social security numbers with appropriate protections.

Subject to the foregoing objections and without waiving the general objections, Plaintiff states that he resides at Dixon Correctional Center, 2600 N Brinton Ave, Dixon, IL 61021. His full name is ERIC BERNARD. His IDOC number is #R-25398. His date of birth is August 11, 1982.

2.      Describe the acts and/or omissions of the defendants, i.e., the specific diagnosis, procedure, test, therapy, treatment or other type of healing arts administration which you claim caused or contributed to the injuries for which you seek damages and, as to each, state:

(a)      The date or dates thereof;

(b)      The name and address of each witness;

(c)      The names and addresses of all other persons having knowledge thereof and as to each such person the basis for his or her knowledge; and

(d)      The location of any and all documents, including without limitation, hospital, medical, and/or prison records reflecting such acts and/or omissions.

**ANSWER:**

Plaintiff objects that this is a premature contention interrogatory. Plaintiff offers to meet and confer with Defendant regarding an appropriate time to respond to this interrogatory. Plaintiff further objects to this interrogatory insofar as it seeks information outside of Plaintiff's knowledge.

Plaintiff further objects to this interrogatory as compound, which sets forth multiple subparts that are suited for multiple interrogatories. Plaintiff further objects to this interrogatory because it is overly broad and unduly burdensome, insofar as it asks Plaintiff to identify every person with any knowledge of any of the facts or events referenced in Plaintiff's Complaint, regardless of whether that person is likely to be a witness or how relevant his or her knowledge is to the events in dispute in this case. For example, Plaintiff's Complaint asserts that Plaintiff was imprisoned at Dixon Correctional Center, beginning on September 6, 2019. This interrogatory accordingly purports to require Plaintiff to identify every person who at any point came to know that Plaintiff was being denied disability accommodations while incarcerated—a list of witnesses that could easily number into the hundreds of individuals.

Subject to and without waiving this objection, Plaintiff refers Defendant to the operative complaint in this case and the document production by the parties. Regarding the location of any documents reflecting the acts and/or omissions of Defendant, Plaintiff directs Defendant to Plaintiff's medical records and grievances, which have been produced in this action. As it pertains to witnesses and other individuals with knowledge of Defendants' acts/omissions, Plaintiff will abide by the requirements of Rule 26(a)(1) and refers Defendants to the witnesses identified by the parties in their Rule 26(a)(1) disclosures. Plaintiff reserves the right to supplement this response as investigation continues.

3.     State the full name, last known address, telephone number, occupation and/or profession, employer or business affiliation, and relationship to you of each person who has or claims to have knowledge that the defendants were deliberately indifferent toward you. As to each such person, state:

(a)     The nature of such knowledge;

      (b)      The manner whereby it was acquired;

      (c)      The date or dates upon which such knowledge was acquired; and

      (d)      The identity and location of any and all documents reflecting such alleged deliberate indifference.

**ANSWER**:

Plaintiff objects to this interrogatory insofar as it seeks information outside of Plaintiff's knowledge. Plaintiff further objects to this interrogatory as compound, which sets forth multiple subparts that are suited for multiple interrogatories. Plaintiff further objects to this interrogatory because it is overly broad and unduly burdensome, insofar as it asks Plaintiff to identify every person who claims to have any knowledge of Defendant's deliberate indifference, regardless of whether that person is likely to be a witness or how relevant his or her knowledge actually is to the events in dispute in this case. For example, Plaintiff's Complaint asserts that Plaintiff was imprisoned at Dixon Correctional Center, beginning on September 6, 2019. This interrogatory accordingly purports to require Plaintiff to identify every person who at any point came to know that Plaintiff was incarcerated and disabled—a list of witnesses that could easily number into the hundreds of individuals. Subject to and without waiving said objection, Plaintiff will abide by the requirements of Rule 26(a)(1) and refers Defendants to the witnesses identified by the parties in their Rule 26(a)(1) disclosures. As to the identity and location of any and all documents reflecting such alleged deliberate indifference, Plaintiff refers Defendant to the medical records and grievances already produced in this case. Plaintiff reserves the right to supplement this response as investigation continues.

      4.     Please state the name, address and specialty, if any, of all physicians, nurses, medical technicians or other persons with whom you or your attorneys have discussed any of the following:

      (a)     The acts and/or omissions of deliberate indifference described in your Complaint;

      (b)     The nature and extent of any injuries suffered by you; and

      (c)     The relationship between the acts and/or omissions on the part of the defendants and such injuries.

**ANSWER:**

Plaintiff objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product privilege, the doctor-patient privilege, or other common law or statutory privileges. Plaintiff objects to this request because it is not clear what, if any, limitations exist as to the category of witnesses for whom the requested information is being asked. Given the categories of information being requested, Plaintiff understands this request to apply to expert witnesses. Given that understanding, Plaintiff objects to this request because it is premature and contrary to this Court's scheduling order regarding the disclosure of Rule 26(a)(2) witnesses. Plaintiff further objects because it seeks information protected from disclosure by Rule 26(b)(4), the attorney-client privilege, and the work-product doctrine. Plaintiff will provide the disclosures required by Rule 26(a)(2) in compliance with the Court's deadline for expert disclosures. Plaintiff further objects to this interrogatory as compound, which sets forth multiple subparts that are suited for multiple interrogatories.

To the extent Defendant's interrogatory requests information regarding Plaintiff's requests for accommodations, Plaintiff has informed numerous Wexford staff of his need for proper accommodations, including but not limited to Monica Carpenter, Jennifer Hoffman, and the other Wexford staff noted in Plaintiff's 26(a)(1) disclosures. Plaintiff refers Defendant to the medical records and grievances already produced in this case, which document Plaintiff's requests for accommodations from Wexford and IDOC staff. Investigation is ongoing and Plaintiff reserves the right to supplement his response.

     5.     Do you know of any statements made by any person relating to the incident, care

6

and treatment, or the injury or damages alleged in the Complaint? If so, give the name and address

of each such witness and the date of the statement, and state whether such statement was written

or oral and if written the present location of each such statement.

**ANSWER:**

Plaintiff objects to this request because it seeks documents that are protected from

disclosure by the attorney-client privilege, the work-product doctrine, the doctor-patient privilege,

and other applicable statutory or common-law privileges. Plaintiff further objects because the use of

the word "statements" is vague and not defined. Moreover, Plaintiff objects to the request because it

is not bound by any temporal limitations (*i.e.*, the request purportedly seeks every statement ever

made at any time by any person who has the relevant knowledge) and thus is overly broad, unduly

burdensome, and disproportionate to the needs of the case. Plaintiff further objects that this

interrogatory is overbroad and unduly burdensome to the extent that it seeks information that

exceeds the bounds of what is personally known by Plaintiff. To the extent that this request seeks

production of statements of Defendants or their agents/representatives, Plaintiff objects because

such documents are equally accessible, if not more accessible, to Defendants themselves. Plaintiff

would be willing to consider a revised or narrowed request.

Subject to and without waiving these objections, Plaintiff directs Defendant to the affidavits

of Enrique Cueto, Zyell Lofton, Willie Walker, and Quinhon Douglas. See Plaintiff's Initial

Disclosures at Bernard 8135-8145. Plaintiff further responds that Vaerminah Shakur, an EMT at

Stark Ambulance Company, informed the Health Care Administrator at Dixon Correctional Center,

about her observations of Plaintiff's treatment. Plaintiff's investigation into this matter continues

and he reserves the right to supplement or modify this answer with responsive, non-privileged

information in his possession, custody or control.

6.      Please identify and state the location of any of the following documents relating to

the issues in this case which either bear the name, handwriting and/or signature of the defendants:

> (a)     Publications and/or professional literature authored by the defendants, including publication source and reference;
>
> (b)     Correspondence, records, memoranda or other writings prepared by the defendants regarding your diagnosis, care and treatment, other than medical and hospital records in this case; and
>
> (c)      Documents prepared by persons other than you or your attorneys which contain the name of the defendants.

**ANSWER:**

Plaintiff objects to this interrogatory insofar as it seeks information outside of Plaintiff's knowledge. Plaintiff further objects to this interrogatory because it is overly broad and unduly burdensome, insofar as it asks Plaintiff to identify any and every document that contains the names of Defendants, without any restriction as to timeframe or content aside from the undefined and impermissibly vague phrase, "issues in this case." Plaintiff further objects to this interrogatory as compound, which sets forth multiple subparts that are suited for multiple interrogatories. Plaintiff further objects to this interrogatory because it seeks information that is equally accessible—if not more accessible—to Defendants. Subject to and without waiving said objections, Plaintiff is unaware of any responsive documents related to this interrogatory.

7.     Describe the medical injuries sustained by you as the result of the defendants' acts and/or omissions described in your Complaint.

**ANSWER:**

Plaintiff objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product privilege, the doctor-patient privilege, or other common law or statutory privileges. Moreover, Plaintiff objects to the extent this information is equally available to Defendants as it is to Plaintiff. Plaintiff further objects to this interrogatory as premature as Defendants have not been deposed and expert witnesses have not yet

8

been retained. This interrogatory is also premature because Plaintiff continues to be denied accommodations; as such, the threat of future injury is ongoing. Plaintiff reserves the right to rely on any evidence in the record at summary judgment and/or at trial. Plaintiff further objects to the extent that this interrogatory seeks a medical opinion and/or conclusion that requires expert testimony and is not properly directed at Plaintiff. Plaintiff will disclose any expert opinion testimony consistent with the Court's expert disclosure schedule in this case. Plaintiff further objects that this interrogatory is overbroad and unduly burdensome, and to the extent that this interrogatory seeks a narrative answer, is more appropriately addressed during Plaintiff's deposition. Furthermore, Plaintiff has been denied proper medical care to assess the injuries he has already sustained due to his denial of accommodations. Plaintiff offers to meet and confer with Defendant regarding an appropriate time to respond to this interrogatory.

Subject to and without waiving this objection, Plaintiff refers Defendant to the operative complaint in this case and the document production by the parties. Plaintiff further states that he has suffered and continues to suffer physical and emotional pain as a result of Defendants' decision to deny him accommodations, including but not limited to the accommodations needed for Plaintiff to receive adequate medical care, toileting, bathing, mental healthcare, access to courtroom services, and visitation. Plaintiff has sustained multiple injuries, including but not limited to: a toe infection due to improper hygiene accommodation; traumas to his head, lip, back, arm, leg, shoulder, wrist; emotional trauma due to sexual assault; rashes, open sores, and emotional indignity due to lack of proper toileting accommodations; suicidal ideation and injuries to his intestines, arms, and scrotum due to self-harm episodes caused by lack of mental health accommodations; decaying teeth and debilitating neurological conditions due to lack of accommodations to access medical care; and emotional suffering due to lack of access to visitation and group therapy. Plaintiff's investigation into this matter continues and he reserves the right to

9

supplement or modify this answer with responsive, non-privileged information in his possession, custody or control.

        8.      With regard to your injuries, state:

        (a)      The name and address of each attending physician and/or health care professional that has seen or treated you;

        (b)      The name and address of each consulting physician and/or other health care professional;

        (c)      The name and address of each person and/or laboratory taking any X ray, MRI and/or other radiological tests of you;

        (d)      The date or inclusive dates on which each of them rendered you service;

        (e)      The amounts to date of their respective bills for service; and

        (f)      From which of them you have written reports.

**ANSWER:**

Plaintiff objects to this interrogatory insofar as it seeks information outside of Plaintiff's knowledge. Plaintiff further objects to this interrogatory because it is overly broad and unduly burdensome, insofar as it asks Plaintiff to identify any and every healthcare professional whom Plaintiff has encountered as a result of his ongoing disability accommodation needs since his admission to Dixon Correctional Center's healthcare unit four years prior. Plaintiff resides in a medical unit of Dixon Correctional Center. As such, the vast majority of individuals whom he encounters are medical professionals. Plaintiff further objects to this interrogatory because it seeks information that is equally accessible—if not more accessible—to Defendants, considering that Defendants constitute his daily healthcare providers. Plaintiff further objects to this interrogatory as compound, which sets forth multiple subparts that are suited for multiple interrogatories. Plaintiff further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product privilege, the doctor-patient privilege, or other common law or statutory privileges.

Subject to and without waiving said objections, Plaintiff refers Defendant to the medical care personnel witnesses listed in Plaintiff's initial disclosures. Plaintiff further responds that Plaintiff was referred to OneRadiology on April 27, 2021 when he engaged in a self-harm episode as a result of Wexford's punitive deprival of Plaintiff's psychotropic medicine. See Amended Complaint (Dkt. 77) at paragraph 70. See Plaintiff's First Initial Disclosures at Bernard_20-cv-50412 002681. Plaintiff's radiology appointment was overseen by Dr. N. Yousef. Plaintiff further responds that from 9/15/2022 to 9/28/2022 he received outpatient medical care from CGH Medical Center as a result of a self-harm episode after Defendant denied him mental health accommodations for his longstanding mental illness. Plaintiff's visit was overseen by Micah McNeill, NP-C, Keith Pham, MD, and Maurice Binns, MD. Plaintiff has written reports from this visit to CGH Medical Center. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer with responsive, non-privileged information in his possession, custody or control.

9.    As the result of your injuries, were you a patient or outpatient in any hospital, medical institution and/or clinic? If so, state the names and addresses of all hospitals, medical institutions and/or clinics, the amounts of their respective bills and the date or inclusive dates of their services.

**ANSWER:** Plaintiff directs Defendants to his objections and answer to the outside medical providers referenced in Interrogatory Response No. 8 above, which Plaintiff expressly references and incorporates herein.

10.    List each and every doctor, nurse and/or other health care provider who has treated the patient in the past ten (10) years and identify each condition and/or purpose for which each doctor, nurse and/or other health care provider treated the patient.

**ANSWER:**

Plaintiff objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product privilege, the doctor-patient privilege, or other common law or statutory privileges. Plaintiff further objects to this interrogatory insofar as it seeks information outside of Plaintiff's knowledge. Plaintiff further objects to this interrogatory because it is overly broad and unduly burdensome, insofar as it asks Plaintiff to identify any and every healthcare professional whom Plaintiff has encountered over the past ten years. Plaintiff further objects to this interrogatory because it seeks information that is equally accessible—if not more accessible—to Defendants, considering that Defendants constitute his daily healthcare providers. Plaintiff further objects to this interrogatory as irrelevant, considering the fact that the majority of the providers who have treated Plaintiff before his disabling stroke in 2019 will have no knowledge or information about the issues relevant to this lawsuit.

Subject to and without waiving said objections, Plaintiff directs Defendants to his objections and answer to Interrogatory Response No. 8 above, which Plaintiff expressly references and incorporates herein. Plaintiff further answers that he was treated for a series of strokes suffered in 2019 by University of Illinois Health and Schwab Rehabilitation Hospital. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer with responsive, non-privileged information in his possession, custody or control.

11.    State any and all other expenses and/or losses you claim as a result of the acts and/or omissions described in the Complaint. As to each expense and/or loss, state the date or dates it was incurred, the name of the person, firm and/or company to whom such amounts are owed, whether the expense and/or loss in question has been paid and, if so, by whom it was so paid, and describe the reason and/or purpose for each expense and/or loss.

**ANSWER:**

Plaintiff objects to this interrogatory on the ground that it is unduly burdensome. Plaintiff

further objects to the extent that the information sought is the subject of expert opinion testimony. Plaintiff will comply with the Court's expert discovery schedule set in this case.

Subject to these objections and without waiving the general objections, Plaintiff states Plaintiff cannot presently quantify the extent of expenses or losses the Defendant's misconduct caused him, and he intends to ask the jury to calculate his total losses, likely with the assistance of expert witnesses. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

12.    Had you suffered any personal injury or prolonged, serious and/or chronic illness within ten (10) years prior to the incident(s) described in your Complaint? If so, state when and how you were injured and/or ill, where you were injured and/or ill, describe the injuries and/or illness suffered, and state the name and address of each physician, or other health care professional, hospital, health care unit and/or clinic rendering you treatment for each injury and/or chronic illness.

**ANSWER:**

Plaintiff objects to this request to the extent it seeks to impose an undue burden on Plaintiff above and beyond what the Federal Rules of Civil Procedure require, as it seeks information of "any personal injury or prolonged, serious and/or chronic illness within ten years" prior to the "acts and/or omissions described in [the] Complaint". Plaintiff objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product privilege, the doctor-patient privilege, or other common law or statutory privileges. Plaintiff further objects to this request as vague and overbroad to the extent it requires Plaintiff to define "personal injury" and "prolonged, serious or chronic illness". Plaintiff objects on the basis that he is not a medical professional and has never been trained in medical treatment, diagnoses, or conditions. Plaintiff further objects to this interrogatory as Defendants have not been deposed and

expert witnesses have not yet been retained. Plaintiff further objects to the extent that the information sought is the subject of expert opinion testimony. Plaintiff will comply with the Court's expert discovery schedule set in this case. Plaintiff further objects that this interrogatory is overbroad and unduly burdensome to the extent that this interrogatory seeks a narrative answer and is more appropriately addressed during Plaintiff's deposition. Moreover, Plaintiff objects to this interrogatory as compound, which sets forth multiple subparts that are suited for multiple interrogatories.

Subject to these objections and without waiving the general objections, Plaintiff directs Defendants to his IDOC Medical records, which include details regarding Plaintiff's mental and behavioral health diagnoses, his suicide attempts, and his other physical conditions. Plaintiff has suffered from a series of strokes which caused left-sided multifocal subacute infarcts with perivascular chronic inflammation, gliosis, and perivascular hemorrhage. He understands his diagnoses to include chronic seizures, right-sided weakness and paraplegia, post-traumatic stress disorder, and bipolar disorder. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

13. Have you suffered any personal injury or prolonged, serious and/or chronic illness since the incident(s) alleged in your Complaint? If so, state when you were injured and/or ill, where and how you were injured and/or ill, describe the injuries and/or illness suffered, and state the name and address of each physician or other health care professional, hospital, health care unit and/or clinic rendering you treatment for each injury and/or chronic illness.

**ANSWER:**

Plaintiff objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product privilege, the doctor-patient privilege, or other common law or statutory privileges. Plaintiff further objects to this request as vague and

14

overbroad to the extent it requires Plaintiff to define "personal injury", "prolonged, serious or chronic illness". Plaintiff objects on the basis that he is not a medical professional and has never been trained in medical treatment, diagnoses, or conditions. Plaintiff further objects to this interrogatory as premature as discovery has just begun, Defendants have not been deposed, and expert witnesses have not yet been retained. Plaintiff further objects to the extent that the information sought is the subject of expert opinion testimony. Plaintiff will comply with the Court's expert discovery schedule set in this case. Plaintiff further objects that this interrogatory is overbroad and unduly burdensome to the extent that this interrogatory seeks a narrative answer and is more appropriately addressed during Plaintiff's deposition.

Subject to these objections and without waiving the general objections, Plaintiff engaged in a self-harm episode in early September, 2022, after being deprived of his daily therapy by Nurses Watson and Stanko. Because Plaintiff had been deprived of regular therapy sessions despite a continuing need for consistent mental health care, Plaintiff engaged in self-harm by swallowing foreign bodies and cutting open his scrotum, placing a socket inside of it. On or about September 15, 2022, Plaintiff was escorted to the emergency room at CGH Medical Center as a result of these injuries. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

14.    Have you ever filed any other lawsuits for injuries either before or after the filing of this lawsuit? If so, state the nature of the injuries claimed, the courts and the captions in which filed, the years filed, and the titles and case or docket numbers of the suits.

Plaintiff objects to this request as overly burdensome, irrelevant, and not proportional to the needs of the case, as it seeks any lawsuit ever filed by Plaintiff, the courts and captions in which the suits were filed, the years the suits were filed, the titles and cases or docket numbers of the suits and claims, and the disposition of each lawsuit filed. Plaintiff objects to this interrogatory as compound,

which sets forth multiple subparts that are suited for multiple interrogatories. Plaintiff objects to this request to the extent that the information requested is equally accessible to Defendants as it is to Plaintiff. Plaintiff objects to this lawsuit as it is overly broad in temporal scope. Plaintiff objects to the extent this request seeks information protected by the attorney-client privilege, work-product privilege, and other common law and statutory privileges. Plaintiff objects to this request to the extent it seeks confidential and protected information. Subject to these and without waiving the general objections, Plaintiff identifies the following cases (all within the Northern District of Illinois):

Bernard v. IDOC, et al.: 2020-cv-05344; 2020-cv-05349; 2020-cv-05350; 2020-cv-05346; 2020-cv-05345; 2020-cv-05361; 2020-cv-05342; 2020-cv-05341; 2020-cv-05382; 2020-cv-05343; 2020-cv-05371; 2020-cv-05351; 2020-cv-05347; 2020-cv-05368; 2020-cv-05383; 2020-cv-50407; 2020-cv-50413; 2021-cv-50124

Bernard v. Jeffreys, et al.: 2021-cv-50089; 2021-cv-50109

Bernard v. Schwab Rehabilitation Hospital et al.: 2020-cv-05355; 2020-cv-05373

Bernard et al. v. Wilks et al: 2022-cv-50026
Bernard v. Cassidy et al.: 2022-cv-50025

These cases involved injuries sustained while incarcerated. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

15.     Did defendants or anyone associated with defendants give you information or discuss with you the treatment to be given to you or withheld from you? If so, state the date(s) and place(s) such information was given or discussions were had, the name(s) of the person(s) providing such information or engaging you in the discussion, and give a description of the information provided or discussed with you.

**ANSWER:**

Plaintiff objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the doctor-patient privilege, or other common-law or statutory privileges. Moreover, Plaintiff objects that this interrogatory is overbroad and unduly burdensome to the extent that it seeks any statement of any person related to the care and treatment given or withheld from Plaintiff, without temporal limitation. Plaintiff objects to the extent that the information sought is equally accessible, if not more accessible, to Defendants themselves.

Subject to the foregoing objections and without waiving the general objections, Plaintiff states that he has had numerous conversations with Wexford staff to seek accommodations, including repeated conversations with Nurse Watson and Stanko to provide necessary mental health accommodations. Plaintiff has also had numerous conversations with Wexford staff regarding his toileting and grooming needs, including but not limited to Monica Carpenter and Nurse Emmons. These statements are memorialized in Plaintiff's medical records and grievances. Plaintiff will not restate all of the statements contained in those documents or other documents available to the Wexford Defendants.

For example, on July 27, 2022 Plaintiff had a conversation with Monica Carpenter about his need for incontinence care while on medical writ for a longstanding neurology appointment which had been repeatedly rescheduled. Moreover, on or about the fall of 2021, Plaintiff requested a condom catheter and other toileting accommodations prior to a writ for a court appearance at De Kalb County Criminal Court from Nurse Emmons, Assistant Warden Justin Wilks, CNA Mouland, and other unknown Wexford staff. Plaintiff was informed that he was to put on the condom catheter himself, and when he informed them that he could not, Wexford staff refused to accommodate him. Vaerminah Shakur, an EMT at Stark Ambulance Company, also requested that Wexford staff provide the condom catheter and additional toileting supplies, and they refused. As

a result, Plaintiff arrived to his court appearance covered in urine and feces, and the court granted a continuance in light of his soiled state.

Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

16.     Are you claiming any psychiatric, psychological and/or emotional injuries as a result of the acts and/or omissions described in the complaint? If so, state:

> (a)     The name of any psychiatric, psychological and/or emotional injury claimed, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for each injury;

> (b)     Whether you had suffered any psychiatric, psychological and/or emotional injury prior to the date of the acts and/or omissions described in the Complaint, and

> (c)     If (b) is in the affirmative, please state when and the nature of any psychiatric, psychological and/or emotional injury, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for each injury.

**ANSWER:**

Plaintiff objects to this request as compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff objects further that this interrogatory is unduly burdensome in that it seeks any psychiatric treatment Plaintiff has ever received. In addition, Plaintiff objects to this interrogatory to the extent that it seeks protected health information. Plaintiff further objects to the extent the requested information is equally accessible to Defendants as it is to Plaintiff. Plaintiff objects to the extent that this interrogatory calls for medical diagnoses and opinions that he is not qualified to offer, or information protected from disclosure by the attorney-client privilege, work-product privilege, doctor-patient privilege, therapist-patient privilege, or other common law or statutory privileges. Plaintiff objects to this request to the extent that it seeks expert discovery, Plaintiff will disclose non-privileged expert information as required by Rule 26 and on the schedule established by the Court.

Subject to these objections and without waiving the general objections, Plaintiff states that he suffered psychological and emotional harm due to Defendants' misconduct, including but not limited to severe emotional distress, fear, humiliation, anxiety and stress. Plaintiff states he has an emotional response when thinking about the failure of prison and Wexford staff to provide adequate accommodations for his disabilities, specifically causing him stress and anxiety. Plaintiff also incorporates his response to Interrogatory #7, as some of the injuries he experiences as physical may be connected to his psychiatric, psychological, and emotional injuries.

Because the Illinois Department of Corrections and Wexford Health Sources do not provide adequate treatment for mental health, Plaintiff is unable to state that he has been rendered "treatment" for his psychiatric, psychological, and emotional injuries. However, he has spoken to multiple personnel from the Illinois Department of Corrections and/or Wexford regarding his need for proper mental health treatment. Plaintiff remains deprived of his mental health medications, including lithium and prazosin, since he was punitively deprived of these drugs by Nurse Hoffman on April 22, 2021. Since September 2022, Plaintiff was punitively deprived of daily therapy sessions, as is required by a patient with resident-treatment unit (RTU) status, despite the fact that his mental health conditions did not change. As a result of these deprivations, Plaintiff has engaged in multiple self-harm episodes which have required emergency room treatment. Plaintiff has been diagnosed with mental illness by IDOC at least since his mental health evaluation on September 22, 2017. See Bernard Initial Disclosures at 008174-008199.

Plaintiff's investigation into this matter continues and he reserves the right to supplement his response with responsive, non-privileged information in his possession, custody or control.

17.    Provide the name and address of each witness who will testify at trial and the subject of their testimony.

**ANSWER:**

Plaintiff objects to this request to the extent that it seeks to impose a burden on Plaintiff above and beyond what the Federal Rules of Civil Procedure require. Plaintiff objects to this interrogatory to the extent it seeks information protected by the protected from disclosure by the attorney-client privilege, the work-product doctrine, the doctor-patient privilege, Federal Rules of Civil Procedure 26, or other common-law or statutory privileges. Neither Plaintiff nor any Defendants in this case have been deposed yet. Plaintiff reserves the right to rely on any evidence in the record at summary judgment and/or trial.

Subject to and without waiving these and the general objections, Plaintiff refers Defendants to his Initial Disclosures. Investigation continues and Plaintiff hereby expressly reserves the right to modify and supplement his response. Plaintiff further states that he will continue to supplement his disclosures and further states that he will comply with Federal Rule of Civil Procedure 26(a)(3), which governs all pretrial disclosures, as well as any applicable pretrial order that the Court may set regarding the time and manner for the disclosure of trial witnesses, including expert witnesses, intended to be called at trial. Plaintiff's investigation into this matter continues and he reserves the right to supplement or modify this answer as new information comes to light.

18.    Do you have any photographs, movies and/or videotapes relating to the acts and/or omissions which are described in your complaint and/or the nature and extent of any injuries for which recovery is sought? If so, state the date or dates on which such photographs, movies and/or videotapes were taken, who was displayed therein, who now has custody of them, and the name, address, occupation and employer of the person taking them.

**ANSWER:**

Plaintiff objects to this interrogatory to the extent it seeks information more readily accessible to Defendants rather than Plaintiff, who is an incarcerated individual. Plaintiff objects to

this request to the extent that the requested information is in the care, custody and control of Defendants. Plaintiff further objects to the extent this request seeks information protected by the attorney-client privilege, the work-product privilege, or other common law or statutory privileges. Plaintiff further objects to this request to the extent it is better suited as a Request for Production, rather than as an Interrogatory.

Subject to these and without waiving the general objections, Plaintiff is in the possession of photographs counsel for Plaintiff took during an inspection in March 2022. These photographs have already been produced by Defendant IDOC. See Defendant IDOC's Initial Disclosures at 000001-000243. Plaintiff is aware of no other photographs, videos, or movies that are related to the act/omissions of Defendants. Plaintiff's investigation into this matter continues and he reserves the right to supplement with any responsive, non-privileged information in Plaintiff's possession, custody or control.

19.     Have you (or has anyone acting on your behalf) had any conversations with any person at any time with regard to the manner in which the care and treatment described in your complaint was provided, or have you overheard any statement made by any person at any time with regard to the injuries complained of by plaintiff or the manner in which the care and treatment alleged in the complaint was provided?  If so, state:

(a)     The date or dates of such conversation(s) and/or statement(s);

(b)     The place of such conversation(s) and/or statement(s);

(c)     All persons present for the conversation(s) and/or statement(s);

(d)     The matters and things stated by the person in the conversation(s) and/or statement(s),

(e)     Whether the conversation(s) was oral, written and/or recorded; and

(f)     Who has possession of the statement(s) if written and/or recorded.

**ANSWER:**

Plaintiff objects to this request as compound. Plaintiff further objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the doctor-patient privilege, other common-law or statutory privileges. Moreover, Plaintiff objects that this interrogatory is overbroad and unduly burdensome to the extent that it seeks Plaintiff to identify particular statements and the dates on which those statements occurred. Due to the passage of time, Plaintiff does not recall all such conversations or the dates on which they occurred. Plaintiff also objects to the extent that it seeks Plaintiff to identify all conversations of those acting on his behalf as Plaintiff may not have personal knowledge of these conversations to the extent any such conversations are not protected by a privilege described above.

Subject to these and without waiving the general objections, Plaintiff answers that, in the course of the past four years in which he has continuously been denied disability accommodations, he has spoken to numerous individuals, and therefore, has necessarily heard statements about his injuries in the course of those conversations. Wexford staff keep a regular written record of Plaintiff's conversations with staff, as reflected in the medical and therapy records already produced in this case. Plaintiff offers to confer regarding narrowing this interrogatory. Plaintiff's investigation into this matter continues and he reserves the right to supplement with any responsive, non-privileged information in Plaintiff's possession, custody or control.

20.    Have you received any payment and/or other consideration from any source in compensation for the injuries alleged in your complaint? If your answer is in the affirmative, state:

    (a)    The amount of such payment and/or other consideration received;

    (b)    The name of the person, firm, insurance company and/or corporation making such payment or providing other consideration and the reason for the payment and/or other consideration; and

    (c)    Whether there are any documents evidencing such payment and/or other consideration received.

**ANSWER:**

Plaintiff objects to this request as compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Plaintiff further objects to the extent this request seeks information protected by the attorney-client privilege, the work-product privilege, or other common law or statutory privileges. Subject to these and without waiving the general objections, Plaintiff answers that he has not received any payment or other consideration in compensation for the injuries alleged in Plaintiff's Complaint.

21.　Identify any statements, information and/or documents known to you and requested by any of the foregoing interrogatories which you claim to be work product or subject to any common law or statutory privilege, and with respect to each interrogatory, specify the legal basis for the claim.

**ANSWER:**

Plaintiff has not withheld any documents on the basis of any statutory or common law privileges. Investigation is ongoing and Plaintiff reserves the right to supplement this response at any time.

22.　List the names and addresses of all persons (other than yourself and persons heretofore listed) who have knowledge of the facts regarding the care and treatment complained of in the Complaint filed herein and/or of the injuries claimed to have resulted therefrom.

**ANSWER:**

Plaintiff objects to this request as unduly burdensome to the extent that it seeks information that is not in his possession, custody, or control and more readily available to the Defendants in this matter. Plaintiff further objects to this request as premature, as discovery has just begun. Neither Plaintiff nor any Defendants have been deposed. Plaintiff objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-

product doctrine, the doctor-patient privilege, or other common-law or statutory privileges. Moreover, Plaintiff objects that this interrogatory is overbroad and unduly burdensome.

Subject to and without waiving the general objections, Plaintiff directs Defendants to his Federal Rule of Civil Procedure 26(a)(1) disclosures, as well as unknown prisoners who are in the Healthcare Unit with Plaintiff who may have discoverable information. Plaintiff's investigation into this matter continues and Plaintiff reserves the right to modify and supplement his answers as new information comes to light.

23. State the factual basis for your allegation that WEXFORD HEALTH SOURCES, INC. is a "recipient of federal funding" and "receives federal financial assistance." *See* Plaintiff's Amended Complaint [ECF #77] at ¶¶ 16, 113.

**ANSWER:**

Plaintiff objects that this is a premature contention interrogatory. Plaintiff offers to meet and confer with Defendant regarding an appropriate time to respond to this interrogatory. Plaintiff objects to this request to the extent the information requested is more accessible to Defendant Wexford, as compared to Plaintiff, considering Defendant Wexford has knowledge of whether it is a recipient of federal funding and/or financial assistance. Plaintiff further objects to this interrogatory as premature as discovery has just begun, and Defendants have not been deposed. Plaintiff objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or other common-law or statutory privileges. Subject to and without waiving these objections, Plaintiff answers that Wexford is the recipient of federal funds through its service of prisoners pursuant to the Medicaid Act. Plaintiff's investigation into this matter continues and Plaintiff reserves the right to modify and supplement his answers as new information comes to light.

Respectfully submitted,

24

ERIC BERNARD

By: /s/ Kelly Jo Popkin_____

Attorney for Plaintiff

Michael Kanovitz
Kelly Jo Popkin
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago IL 60607
(312)243-5900
popkin@loevy.com

<u>**CERTIFICATE OF SERVICE**</u>

      I, Kelly Jo Popkin, an attorney, hereby certify that on March 2, 2023, I caused to be served a copy of the foregoing document to all counsel of record via email.

<u>/s/ Kelly Jo Popkin</u>
One of Plaintiff's Attorneys

## **VERIFICATION**

I, Eric Bernard, have reviewed the foregoing Response to Defendant Wexford's First Set of Interrogatories and verify that the answers are true and correct to the best of my knowledge and recollection.


March 2, 2023                                          /s/Eric Bernard
 Date                                                    Eric Bernard