**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC BERNARD (#R-25398), a/k/a TERRELL KING,<br><br>    Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF CORRECTIONS, and WEXFORD HEALTH SOURCES, INC.<br><br>    Defendants. | No. 20-cv-50412<br><br>Hon. Judge Iain D. Johnston<br><br>Magistrate Judge Margaret J. Schneider |

**PLAINTIFF'S RESPONSE TO**
**WEXFORD'S REQUESTS FOR PRODUCTION**

**GENERAL OBJECTIONS**

  1. Plaintiff objects to these Requests to the extent the information sought is not relevant and proportional to the needs of the case, and to the extent that the Requests are not limited temporally to time relevant to this lawsuit.

  2. Plaintiff objects to the requests for production to the extent that they purport to impose burdens or obligations on Plaintiff that are broader than, inconsistent with, not authorized under, or not reasonable pursuant to the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence. Plaintiff further reserves the right to assert additional objections which may become apparent in the course of this action, including those based on undue burden.

  3. Plaintiff objects to these Requests to the extent they seek the disclosure of information or material subject to the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity. In addition, Plaintiff reserves his right to invoke the patient-psychotherapist privilege and other common-law and statutory mental-health privileges to withhold documents and/or object to subpoenas on those bases. In responding to these

1

requests for production, Plaintiff preserves all objections and intends to make no waiver with regard to any claim of privilege. Plaintiff reasonably interprets the instructions and requests to not seek information or documents that are privileged, and therefore outside of the scope of discovery as defined by Federal Rule of Civil Procedure 26(b)(1), or protected as work product, which falls presumptively outside the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b)(3)(A).

    4. Plaintiff objects to each of Defendants' requests to the extent that they mischaracterize the allegations in Plaintiff's complaint, which speaks for itself.

    5. Plaintiff construes Defendant's instructions to request information and documents within his possession, custody, or control, consistent with the requirements of the Federal Rules of Civil Procedure, and to not seek information that is already in the possession, custody or control of Defendant, or that is obtainable from public sources or court records, from a source more convenient or less burdensome than from Plaintiff, or from a source equally accessible to Plaintiff and Defendant.

    6. Each objection applies to each instruction, definition, and specific request included in the requests; and unless otherwise stated, shall have the same force and effect as if set forth in full in response to each instruction, definition, and specific request.

    7. Plaintiff reserves the right to amend or supplement any objection contained in any discovery request. Plaintiff's failure to raise any objection is not intended to be and shall not be deemed a waiver of that objection.

    8. Plaintiff objects to the Wexford Defendants' boilerplate definitions and instructions because they are not provided for or required under Federal Rule of Civil Procedure 33; if the Wexford Defendants believe that Plaintiff needs to consider more than the plain language of their requests to adequately respond, Plaintiff invites Defendants to confer on that point.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

**RESPONSES**

1. Any and all statements, whether written, oral, recorded, transcribed, notes or summaries of statements (other than statements by a party to his attorney or insurer) in any way connected with or referring to the occurrence(s) in question, the area where the incident occurred, and the persons, equipment, material or procedures involved.

**RESPONSE:**

Plaintiff objects to this request on the basis of doctor-patient privilege, psychotherapist-patient privilege, and any other applicable common-law privilege. Notwithstanding these objections, Plaintiff states that he has produced the responsive documents in his possession. See Bernard 001016-008083; 008246-009276; 12732-16434 (Bernard medical and mental health records containing statements from Wexford staff); Bernard 008135-008145 (affidavits from incarcerated witnesses); Bernard 17622-17663 (incident reports); Bernard 16515-017612 (grievances).

2. Any and all drawings, photographs, slides, motion pictures, sketches, maps, diagrams, surveys, blueprints, charts, experimental results or notes, or models which pertain to the parties to this cause, the allegations of deliberate indifference or the injuries or damages claimed, or any physical object or equipment claimed to be involved in this case.

**RESPONSE:**

Plaintiff objects to this request on the basis of doctor-patient privilege, psychotherapist-patient privilege, and any other applicable common-law privilege. Plaintiff further objects to this request to the extent that it calls for expert opinion testimony as premature. Plaintiff will comply with the Court's expert disclosure schedule. Notwithstanding these objections, Plaintiff states that all such

3

documents that are not protected by attorney-client privilege, work-product privilege, or any other applicable privilege have already been produced. Plaintiff directs Defendant Wexford to IDOC Initial Disclosures 000001-000243 for photographs which pertain to the parties in this case.

       3.      Any and all medical reports, medical records, diagnostic studies and films (including but not limited to x-rays, myelographic and CT films) and bills regarding Plaintiff.

**RESPONSE:**

Plaintiff objects to this request on the basis of doctor-patient privilege, psychotherapist-patient privilege, and any other applicable common-law privilege. Notwithstanding these objections, Plaintiff states that all such documents that are in his custody and control and that are not protected by attorney-client privilege, work-product privilege, or any other applicable privilege have been produced. See Bernard 001016-008083; 008246-009276; 12732-16434 (Bernard medical and mental health records containing statements from Wexford staff); Bernard 008146-008147 (Benchmark Health records); Bernard 008148-008173 (Schwab Rehabilitation Hospital medical Records); Bernard 008205-008245; 009277-012213 (University of Illinois Hospital medical records); Bernard 012732-4244 (IDOC medical records); Bernard 012225-012246 (CGH medical records).

       4.      Any and all notes, diaries, calendars or other writings prepared by or on behalf of the Plaintiff and pertaining to the events, injuries or recovery as a result of the occurrence(s) in question.

**RESPONSE:** Plaintiff states that all such documents that are in his custody or control and that are not protected by attorney-client privilege, work-product privilege, or any other applicable privilege have already been produced. See Bernard 16515-017612; 12247-12270 (grievances).

Investigation into this matter continues and Plaintiff reserves the right to supplement this response as the litigation proceeds.

5. Any and all records and/or other writings pertaining to grievances made by Plaintiff concerning the occurrence(s) and/or damages resulting from those occurrences(s), and any and all documentation of any kind concerning Plaintiff's alleged exhaustion of administrative remedies with respect to this claim.

**RESPONSE:** Plaintiff states that all such documents that are in his custody or control and that are not protected by attorney-client privilege, work-product privilege, or any other applicable privilege have already been produced. See Bernard 16515-017612; 12247-12270 (grievances).

6. Any and all receipts, canceled checks, bills, invoices or other writings referring or relating in any manner to expenses or damages resulting from the occurrence in question.

**RESPONSE:** Plaintiff objects to this request on the basis of doctor-patient privilege, psychotherapist-patient privilege, and any other applicable common-law privilege. Plaintiff further objects to this request because it seeks documents that are equally accessible, if not more accessible, to Defendants themselves. Notwithstanding these objections, Plaintiff states that, as an incarcerated individual, he is not billed or invoiced for any medical treatment he has received since his incarceration. All such documents that are in his custody and control and that are not protected by attorney-client privilege, work-product privilege, or any other applicable privilege have already been produced. Investigation continues.

7. Any and all documents or things set forth or referred to in Plaintiff's Answers to Interrogatories propounded by this Defendant.

**RESPONSE:**

Plaintiff directs Defendant to his Answers to Interrogatories, which, notwithstanding his objections, direct Defendant to the documents referenced therein.

8. All correspondence from or to this/these Defendant(s) or his/their agents, principals, employees, representatives or servants.

**RESPONSE:**

Plaintiff objects to this request because it seeks documents that are equally accessible, if not more accessible, to Defendants themselves. Notwithstanding these objections, Plaintiff states that all such documents that are in his custody and control and that are not protected by attorney-client privilege, work-product privilege, or any other applicable privilege have already been produced. See Bernard 16515-017612; 12247-12270 (grievances).

9. Any and all documents supporting your allegation that WEXFORD HEALTH SOURCES, INC. is a "recipient of federal funding" and "receives federal financial assistance." *See* Plaintiff's Amended Complaint [ECF #77] at ¶¶ 16, 113.

**RESPONSE:**

Plaintiff objects to this request because it seeks documents that are equally accessible, if not more accessible, to Defendants themselves. Plaintiff states that all such documents in Plaintiff's possession that are not protected by attorney-client privilege, work-product privilege, or any other applicable privilege have already been produced. Investigation continues and Plaintiff reserves the right to modify or supplement his response as litigation proceeds.

Respectfully submitted,

/s/ Kelly Jo Popkin
One of Plaintiff's Attorneys

Michael Kanovitz
Kelly Jo Popkin
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago IL 60607
(312)243-5900
popkin@loevy.com

## **CERTIFICATE OF SERVICE**

      I, Kelly Jo Popkin, an attorney, hereby certify that on March 2, 2023, I caused to be served a copy of the foregoing document to all counsel of record via email.

                                                      /s/ Kelly Jo Popkin
                                                      One of Plaintiff's Attorneys