March 10, 2023

WRITER'S DIRECT DIAL (815) 964-8014

Michael Kanovitz
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607

    Re:    ERIC BERNARD (#R-25398), a/k/a TERRELL KING v. ILLINOIS DEPARTMENT OF CORRECTIONS and WEXFORD HEALTH SOURCES, INC.
           Court No.:    20cv50412
           D/A:    7/13/2022
           Our File No.:    050181/21061/MHW/SJG/JMR

Dear Attorney Kanovitz:

    We are in receipt of Mr. Bernard's responses to our interrogatories and requests for production in the matter of *Bernard v. IDOC et. al*., Case No. 20-cv-50412 previously provided by Attorney Popkin. We are sending this correspondence pursuant to Local Rule 37.2 regarding certain issues we identified upon review of your client's responses to both our interrogatories and requests for production.

    First, you have declined to specify the basis beyond his assertion that Wexford is a recipient of federal funds (see Interrogatory #23 and Request for Production #9, respectively). You have indicated part of your rationale for this lack of specificity comes from limited discovery proceedings thus far, and a contention that the information is equally/more accessible to Defendants. As an initial matter, Wexford is not a recipient of federal funding. See Defendant Wexford's Motion to Dismiss, docket entry #92. Further, any "accessibility" to this information by Wexford does not supersede Mr. Bernard's obligation to produce requested documents or otherwise provide specific replies. *Gevas v. Wexford Health Sources*, No. 20 C 50146, 2021 U.S. Dist. LEXIS 233691, at *16-17 (N.D. Ill. Dec. 7, 2021), citing *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 256, 259 (N.D. Ill. 1979), *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, No. 1:18-cv-0825, 2020 U.S. Dist. LEXIS 61634, 2020 WL 1701861, at *6 (N.D. Ill. Apr. 8, 2020).

    You also indicated that your investigation is "continuing" as a basis for not responding in any meaningful way to the discovery regarding Plaintiffs allegations that Wexford is a recipient of federal funding. Plaintiff specifically relied on the allegation that Wexford receives federal funding in response to Wexford's motion to dismiss the Rehabilitation Act claim in this case. The court noted that Plaintiff must have had a good faith basis under FRCP 11 for making such an assertion, which it appears he does not. [ECF #114 at p. 12]. Under FRCP11(b), you were obliged, as part of your pleadings, to have exercised reasonable inquiry, and to either have existing support behind your factual contention or a specific identification of how you are likely to obtain factual support. You have done neither and instead given a terse reference to the "Medicaid Act" in support of your belief. This citation does not point to any particular section of the Act you believe serves as proof of your claims, nor can Defendants surmise this information— more importantly, it is not a sufficient factual response, but is instead a legal theory. Accordingly, your client is obligated to provide us with any and all information that he relied upon in making this allegation.



March 10, 2023
Page 2

This is clearly discoverable information, and a failure to provide this information will require Wexford to compel a response and seek costs and fees for having to do so.

      Beyond this, to the extent you have responded to interrogatories by reference to documents, we would ask you to cite to the specific documents you believe to be responsive to each interrogatory. You have done this for certain select interrogatories (Interrogatories #5; #8; #16; #18), but have declined for others, instead referring generally to "medical documents," "grievance documents," "documents," or some related general iteration. While we have received certain document production from you in this matter, there appear to be several thousand documents thus far, spanning several years and multiple correctional facilities and hospitals. With such a voluminous documentary record, you will need to be more specific when incorporating documentary references. *Vann-Foreman v. Illinois Central R.R. Co.*, No. 19 C 8069, 2020 U.S. Dist. LEXIS 197094, at *5 (N.D. Ill. Oct. 23, 2020), citing *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, 2020 U.S. Dist. LEXIS 61634, 2020 WL 1701861, at *7 (N.D. Ill. 2020); *U.S. Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 2015 U.S. Dist. LEXIS 58994, 2015 WL 2148394, at *7 (N.D. Ill. 2015); *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004).

      Please provide us with Mr. Bernard's amended responses and production as soon as possible. If your position is that Mr. Bernard does not need to provide us with the additional information requested, please let us know so we can set up a meet-and-confer to discuss his discovery responses. Thank you for your cooperation and prompt attention to this matter.

Sincerely,

Cassiday Schade LLP

*Joseph M. Ranvestel*