# LOEVY & LOEVY

Mike Kanovitz
mike@loevy.com

312 N. May St., Suite 100, Chicago, Illinois 60607

April 24, 2023

*Via Electronic Mail*

Joseph Ranvestel
Cassiday Schade LLP
973 Featherstone Rd, Suite 125
Rockford, IL 61107
jranvestel@cassiday.com

   Re: *Bernard v. IDOC et. al.* (3:20-cv-50412)

Dear Counsel:

  I write in response to your March 10, 2023 letter seeking supplemental responses to Plaintiff Eric Bernard's answers to Defendant Wexford's discovery requests. Mr. Bernard reiterates his earlier objections, but without waiving those objections and in the interest of resolving this matter without the need for unnecessary motion practice, Mr. Bernard provides additional information below. Mr. Bernard reserves his right to supplement his answers as discovery progresses.

  First, Wexford takes issue with Mr. Bernard's responses to Interrogatory No. 23 and Request for Production No. 9. Mr. Bernard maintains his objections, including his objection that Interrogatory No. 23 is premature as discovery has just begun and Defendants have not been deposed. Mr. Bernard also maintains his objections because information about Wexford's funding is equally accessible, if not more accessible, to Defendants themselves.

  Second, Wexford takes issue with Mr. Bernard's interrogatory responses that refer to documents. Rule 33(d) generally allows this manner of response. If Wexford has specific concerns about the adequacy of Mr. Bernard's reference to documents in interrogatory responses, it is required to raise those objections specifically. A general objection like the one Wexford has presented does not put Plaintiff on notice of any alleged deficiencies in his answers, and it will therefore waive the objection.

  Please contact me if you have any questions.

Sincerely,

Michael Kanovitz