# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

ERIC BERNARD (#R-25398), a/k/a
TERRELL KING,

Plaintiff,

v.

ILLINOIS DEPARTMENT OF
CORRECTIONS, and WEXFORD
HEALTH SOURCES, INC.

Defendants.

No. 20-cv-50412

Hon. Judge Iain D. Johnston

Magistrate Judge Margaret J. Schneider

## DEFENDANT WEXFORD'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

NOW COMES Defendant, WEXFORD HEALTH SOURCES, INC., by its attorneys, CASSIDAY SCHADE LLP, and in Opposition to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, states as follows:

### INTRODUCTION

Plaintiff brings this action pursuant to the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA")[1], through which he alleges a multitude of deficiencies in his care and treatment as a disabled person while incarcerated in the Illinois Department of Corrections ("IDOC"), namely at the Dixon Correctional Center in Dixon, IL. [ECF #77]. In particular, he brings a motion for injunctive relief, captioned as seeking both a temporary restraining order ("TRO") and preliminary injunction. *See generally*, [ECF #145]. This motion broadly seeks for "toileting accommodations[,]" as it is alleged Plaintiff is incontinent. [ECF #145, p. 2].

As an initial matter, the motion appears to be directly solely toward the IDOC, as opposed to Wexford, as the demands made throughout are targeted solely towards that defendant. See

---

[1] The Rehabilitation Act claim against Wexford has since been voluntarily dismissed, and only an ADA claim against Wexford remains. See [ECF #151; 153].

generally, [ECF #145]. There are only a few subtle references to Wexford at various points in the motion, which serve to downplay Wexford's potential liability regarding any relief requested in the motion. *See e.g.*, [*Id.*, p. 10 ("Moreover, Wexford nurses Cecilia Grossman and Jacqueline Rodriguez have said that they would be willing to help Mr. Bernard in transit and off-site, but Defendants has [sic] not assigned them or any other nurse to this task.")]; [*Id.*, p. 12 ("IDOC is also liable for Wexford's noncompliance with the ADA".).].

Notwithstanding these observations, Wexford further responds in opposition to Plaintiff's motion, and argues as follows:

## LAW

The standard for issuing a temporary restraining order is identical to that governing the issuance of a preliminary injunction. A court's determination of whether to issue a preliminary injunction or temporary restraining order involves a two-step inquiry, with a threshold phase and a balancing phase. At the threshold phase, the moving party must show: (1) without the requested relief, he will suffer irreparable harm during the pendency of his action; (2) traditional legal remedies would be inadequate; and (3) he has some likelihood of success on the merits. If the movant satisfies these requirements, the court proceeds to the balancing analysis to determine whether the balance of harms favors the moving party or whether the harm to other parties or the public sufficiently outweighs the movant's interests.

*Mays v. Dart*, 453 F. Supp. 3d 1074, 1087, 2020 U.S. Dist. LEXIS 62326, *13-14, 2020 WL 1812381 (N.D. Ill. April 9, 2020) (internal citations omitted). Further, when a motion seeks affirmative conduct be performed, it is considered a "mandatory" injunction, and viewed at an even higher standard of review—these are sparingly issued. *Money v. Pritzker*, 453 F. Supp. 3d 1103, 1117, 2020 U.S. Dist. LEXIS 63599, *21, 2020 WL 1820660 (N.D. Ill. April 10, 2020). To the extent the preliminary injunctive relief seeks the same relief sought in the pleadings, this sort of relief is further disfavored still. *Money*, 453 F. Supp. 3d 1103, 1117, citing *W.A. Mack, Inc. v. General Motors Corp.*, 260 F.2d 886, 890 (7th Cir. 1958) "A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.").

## ARGUMENT

### I. Plaintiff Has Not Demonstrated A Likelihood of Success on the Merits as Applied to Wexford.

In his Motion, Plaintiff argues that he is likely to succeed on his claim under *Title II* of the ADA. See [ECF #145, p. 11-15]. However, assuming *arguendo* that Plaintiff has any arguments under Title II as applied to the IDOC, this cannot be implicitly extended to Wexford. This Court has already found that Wexford is not a proper defendant under Title II of the ADA and has dismissed that claim as applied to Wexford. [ECF #114].

Nowhere in his Motion for a Preliminary Injunction/Temporary Restraining Order does Plaintiff identify any given service, program, or activity *Wexford* has supposedly denied Plaintiff, such that Title III claim against Wexford might reasonably be read into this Motion. On the contrary, Plaintiff's own allegations proffer that Wexford staff has volunteered to assist Plaintiff in the ways he seeks, but he maintains that the IDOC has not let them. See [ECF #145, p. 10 ("Moreover, Wexford nurses Cecilia Grossman and Jacqueline Rodriguez have said that they would be willing to help Mr. Bernard in transit and off-site, but [the IDOC] has not assigned them or any other nurse to this task.")]. This critically undercuts any implied ADA claim applicable to Wexford. Plaintiff has not demonstrated any likelihood of success on the merits in his Motion.

### II. Plaintiff Has An Adequate Remedy at Law and Will Not Suffer Irreparable Harm if his Motion is Denied.

To the extent that Plaintiff's motion is denied, he has an adequate remedy at law in the form of money damages to compensate for any pain and suffering he might experience. In order to grant the relief plaintiff seeks here the "injunction would require an affirmative act by the defendant," and thus would be "a mandatory preliminary injunction." *Cunningham v. Cross*, No. 15-CV-0260-MJR-SCW, 2016 WL 93511, at *2 (S.D. Ill. Jan. 8, 2016) (citing *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997)). Mandatory injunctions are "'sparingly issued,' since they require the

3

court to command a defendant to take a particular action," and since they often provide the relief sought in a final judgment.[2] *Cunningham*, 2016 WL 93511, at *2 (quoting *Graham*, 130 F.3d at 295); see also *W.A. Mack, Inc. v. Gen. Motors Corp.*, 260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.").

Plaintiff offers no explanation for how he would suffer irreparable harm if he does not receive "toileting accommodations". Instead, he cites *prior* delays in attending appointments, concludes there will certainly be future delays on unspecified dates, and further concludes that these future delays must, in some way, lead to an unknown yet irreparable harm. [ECF #145, p. 16-17]. Plaintiff's motion identifies no future appointments he anticipates being delayed nor does he provide what harm specific harm he anticipates befalling him. Instead he alleges that he is unable to attend appointments and "[t]he consequences of missing doctors' appointments and court hearings cannot be undone." [ECF #145, p. 17]. "Raw 'allegations of possible future injury' are not enough." *Geske v. PNY Techs., Inc.*, 503 F. Supp. 3d 687, 703, 2020 U.S. Dist. LEXIS 223735, *30, 2020 WL 7042887 (N.D. Ill. Nov. 30, 2020), citing *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 465 (S.D.N.Y. 2020). It remains unclear exactly what these consequences are, thus, Plaintiff cannot show that he lacks an adequate remedy at law and has failed to put forth any evidence that he will be irreparably harmed if his motion is denied.

### III.     Wexford Will Be Significantly Harmed if Plaintiff's Motion is Granted.

Plaintiff's motion will impose significant harm on Wexford by forcing them to act in a particular way where they have no authority to do so. Here, Plaintiff seeks a mandatory preliminary injunction requiring the Defendants to provide him with certain medical treatment.

---

[2] Plaintiff's Complaint makes several similar allegations and appears to request the same relief sought in his Motion. See [ECF #77, p. 20 (requesting "Personal hygiene care while outside of Dixon, including court appearances and doctor's visits[.]")].

*Kartman v. State Farm Mut. Auto. Ins. Co*., 634 F.3d 883, 892 (7th Cir. 2011); *Graham v. Med. Mut. Of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). The Seventh Circuit has held that a mandatory injunction imposes "significant burdens" on a defendant and the intrusiveness of the proposed act, as well as the difficulties that may be encountered in supervising compliance with the potential injunction, should be carefully considered. *Kartman*, 634 F.3d at 892. In the context of a mandatory injunction, the third part of the preliminary injunction test—the balance of the hardships—takes on heightened importance. *Id.*

According to Plaintiff's own Motion, Wexford nurses have already attempted to provide Plaintiff the relief he seeks, but, according to the Motion, they are unable to usurp IDOC decisions regarding prison escort. [ECF #145, p. 10]. Granting the Motion for a Preliminary Injunction/TRO as applied to Wexford would require Wexford to exceed their authority and ability to act, or risk contempt of court. Moreover, this Court would have to continuously (and without end) monitor Plaintiff's treatment and make its own judgments about whether Plaintiff's accommodations and treatment are appropriate. Thus, the relief that Plaintiff has requested would cause Wexford significant and on-going harm.

## CONCLUSION

Plaintiff's Motion for Entry of a Temporary Restraining Order and Preliminary Injunction fails to meet preliminary injunction standards, as he has failed to provide any evidence supporting a likelihood of success on the merits, has not shown why ordinary relief is insufficient, and the burden on the Defense, this Court, and the public at large outweighs Plaintiff's request. Critically, Plaintiff's Motion does not appear to be directed at Wexford, but instead at the co-defendant IDOC. However, Plaintiff's allegations that do discuss Wexford, to the extent they are made, support Wexford's posture against imposing a preliminary injunction/TRO.

WHEREFORE, WEXFORD HEALTH SOURCES, INC. respectfully requests this Honorable Court enter an Order: (1) Denying Plaintiff's Motion for Entry of a Temporary Restraining Order and Preliminary Injunction; and (2) for any other relied deemed equitable and just.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Joseph M. Ranvestel
One of the Attorneys for Defendant WEXFORD HEALTH SOURCES, INC.

Matthew H. Weller
Stephen J. Gorski
Joseph M. Ranvestel
CASSIDAY SCHADE LLP
973 Featherstone Rd., Suite 125
Rockford, IL  61107
Phone: 815-962-8301
mweller@cassiday.com
sgorski@cassiday.com
jranvestel@cassiday.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2023, I electronically filed the foregoing document and associated documents with the clerk of the court for Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Joseph M. Ranvestel